FIRST VALUE HOMES, INC. v. JOHNNY DUANE MORSE, AND WIFE, KELLY SHOEMAKER MORSE

No. 8727SC2

(Filed 18 August 1987)

**Damages § 7— sale of mobile home—buyer's refusal to accept delivery—no liquidated damages clause—seller limited to $500**

 Pursuant to N.C.G.S. § 143-143.21, the seller of a mobile home was limited to $500 in damages when the purchasers refused to accept delivery, and a paragraph on the reverse of the sales agreement was not a liquidated damages clause falling within the exception to the statute, since the clause was not for a sum certain, the amount could not be calculated using a mathematical formula, and the paragraph provided for the recovery of actual damages rather than liquidated damages and thus was superseded as a seller's remedy by N.C.G.S. § 143-143.21.

APPEAL by defendants from *Hyatt, Judge.* Judgment entered 4 August 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 8 June 1987.

On 4 October 1984, plaintiff and defendants entered into a contract for the sale of a single-wide mobile home. Defendants, the Morses, requested a number of special features for their mobile home, including cherry birch paneling, light gold bathroom fixtures, and burnt orange carpeting. They were told by a salesman for plaintiff that the mobile home would have to be specially ordered from the factory in Indiana. Defendants gave plaintiff a $10,000 deposit.

Defendants discovered upon delivery of the mobile home that it lacked many of the special features they had ordered. As a result defendants rejected delivery, and demanded that plaintiff remove the mobile home from their lot and refund their deposit. Plaintiff removed the home and eventually resold it, but refused to refund the $10,000 deposit to defendants.

Plaintiff brought suit for damages incurred as a result of the Morses' refusal to accept the mobile home. The Morses counterclaimed for return of their deposit and for damages resulting from plaintiff's alleged unfair trade practices pursuant to N.C.G.S. § 75-1.

Before any evidence was introduced at trial, defendants made a motion *in limine* to limit plaintiff's evidence of damages to $500 pursuant to N.C.G.S. § 143-143.21. The motion was denied. Plaintiff then introduced evidence of damages exceeding $500.

Defendants moved at the appropriate times for a directed verdict, for judgment notwithstanding the verdict, for a new trial, and for remittitur of all damages awarded plaintiff over $500. All motions were denied. The jury found that First Value had substantially performed its obligations under the contract and was entitled to damages of $10,000. The jury also determined that the Morses suffered no injury. Defendants bring this appeal.

*Whitesides, Robinson, Blue and Wilson, by Henry M. Whitesides and David W. Smith, III, attorneys for plaintiff appellee.*

*Kelso & Ferguson, by Lloyd T. Kelso, attorney for defendant appellants.*

ORR, Judge.

The issue before this Court is whether N.C.G.S. § 143-143.21 limiting damages when a buyer of a mobile home fails to accept delivery applies to the facts of this case.

N.C.G.S. § 143-143.21, enacted in 1981 as part of a bill regulating the manufactured housing and mobile home industry, reads in pertinent part:

### § 143-143.21. Limitation on damages.

If the buyer fails to accept delivery of a manufactured home, the seller may retain actual damages according to the following terms:

. . .

(2) If the manufactured home is a single-wide unit and is specially ordered from the manufacturer for the buyer, the maximum retention shall be five hundred dollars ($500.00).

. . .

Nothing in this Part shall prevent the parties to a manufactured home sales contract from contracting for liquidated damages otherwise permitted by law.

Defendants contend that this statute is controlling and that, therefore, the trial court should have limited plaintiff's proof of damages to $500 in accordance with the statutory limit. Plaintiff counters by maintaining that paragraph six on the reverse of the sales agreement is a liquidated damages clause falling within the § 143-143.21 exception.

Paragraph six of the "plain language purchase agreement" signed by the parties reads as follows:

6. FAILURE TO COMPLETE PURCHASE. If I fail or refuse to complete this purchase within thirty (30) days of the date of this contract, or within an agreed-upon extension of time, for any reason (other than cancellation because of an increase in price), you may keep that portion of my cash deposit which will reimburse you for expenses and other losses including attorney fees and court cost incurred, because I failed to com-

plete this purchase. . . . You shall have all the rights of a seller upon breach of a contract, under the Uniform Commercial Code §§ 2-708, 2-710, 2-718, of the Uniform Sales Act (as applicable).

Defendants argue that this provision concerns the amount of actual damages the mobile home seller can recover and, as such, is superseded by N.C.G.S. § 143-143.21. We agree.

"Liquidated damages are a sum which a party to a contract agrees to pay or a deposit which he agrees to forfeit, if he breaks some promise, and which, having been arrived at by a good-faith effort to estimate in advance the actual damage which would probably ensue from the breach, are legally recoverable or retainable . . . if the breach occurs." McCormick, Damages § 146 (1935). Quoted with approval in *Kinston v. Suddreth*, 266 N.C. 618, 620, 146 S.E. 2d 660, 662 (1966). Excessive liquidated damages are termed a penalty, and a provision fixing unreasonably large liquidated damages is unenforceable. *Knutton v. Cofield*, 273 N.C. 355, 360-61, 160 S.E. 2d 29, 34 (1968).

A valid liquidated damages clause must meet several requirements, the first of which concerns the specificity with which damages are stipulated. Black's Law Dictionary states that the term "liquidated damages" is applicable "when a *specific sum* of money has been expressly stipulated by the parties to a bond or other contract as the amount of damages to be recovered by either party for a breach of the agreement by the other." Black's Law Dictionary 353 (rev. 5th ed. 1979) (emphasis added).

Virtually every reported case in North Carolina analyzing a liquidated damages clause refers to a "sum fixed by contract," *Bradshaw v. Millikin*, 173 N.C. 432, 435, 92 S.E. 161, 163 (1917); or a "sum specified," *Brenner v. School House, Ltd.*, 302 N.C. 207, 214, 274 S.E. 2d 206, 211 (1981); or a "sum certain," *Horn v. Poindexter*, 176 N.C. 620, 621, 97 S.E. 653, 653 (1918). "It has been held that to be valid, a provision for liquidated damages must be for a certain sum, and not be such as will call for future action by the court to determine the amount thereof." 25 C.J.S. *Damages* § 101 at 1025 (1966).

Plaintiff contends that while the amount of liquidated damages in the sales agreement with the Morses is not for a "sum

certain," the amount is easily calculable using a mathematical formula expressed in paragraph six. In *Knutton*, the Supreme Court of North Carolina approved the use of a mathematical formula to compute liquidated damages.

The plaintiff in *Knutton* contracted with the defendant to install an electric coin-operated phonograph in the defendant's restaurant. A contract clause provided that in the event the defendant disconnected the phonograph or installed another phonograph not owned by the plaintiff, plaintiff would be entitled to liquidated damages according to the following formula:

> The total receipts from the operation of the Phonograph, less the amount paid over to the Location Owner for the weeks preceding the breach by the Location Owner of the terms, covenants and conditions of this agreement, shall be totalled and divided by the number of weeks that have elapsed since the commencement date of this agreement and the sum resulting shall constitute the 'net average weekly payment.' This 'net average weekly payment' shall be multiplied by the number of weeks remaining under the terms of this agreement, and such resulting sum shall immediately become due and payable.

*Knutton v. Cofield*, 273 N.C. at 357, 160 S.E. 2d at 31-32. In *Knutton* the clause in question specifically calls for liquidated damages and the formula is very precise in specifying the method to be used in calculating those damages. In the case *sub judice* no specific reference is made to liquidated damages (other than a reference to § 2-718 of the UCC). Also the alleged formula in the First Value contract is far less distinct. Since no adequate mathematical formula is present in First Value's contract with the Morses to calculate a set amount of liquidated damages, and no sum certain is expressed otherwise, paragraph six in the sales agreement cannot be deemed a liquidated damages clause.

More importantly, paragraph six provides for the recovery of actual damages rather than liquidated damages and thus is superseded as a seller's remedy by N.C.G.S. § 143-143.21. "Actual damages are synonymous with compensatory damages and with general damages." *Ringgold v. Land*, 212 N.C. 369, 371, 193 S.E. 267, 268 (1937). "Compensatory damages, as indicated by the word employed to characterize them, simply make good or replace the

loss caused by the wrong." *Waters v. Telegraph Co.*, 194 N.C. 188, 197, 138 S.E. 608, 612 (1927). The stated purpose of the clause in the Morses' sales contract is to "reimburse [the seller] for expenses and other losses including attorney fees and court cost incurred, because [the buyer] failed to complete this purchase." "Reimburse" is defined as "to pay back, to make restoration, to repay that expended; to indemnify, or make whole." Black's Law Dictionary 1157 (rev. 5th ed. 1979). Money paid First Value to "reimburse" or "compensate" their expenses and losses is clearly in the nature of actual damages. Paragraph six of the sales contract merely seeks to provide the seller with an actual damages remedy so as to "restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money." *Phillips v. Chesson*, 231 N.C. 566, 571, 58 S.E. 2d 343, 347 (1950).

Contrary to the appellee's contentions, a clear distinction does exist between actual and liquidated damages. Since the contract clause in question addresses the retention by the seller of actual (compensatory) damages rather than liquidated damages, defendants' dispute with First Value is governed by N.C.G.S. § 143-143.21. The trial court committed an abuse of discretion in not granting defendants' motion *in limine* to limit appellee's proof of damages to $500 pursuant to N.C.G.S. § 143-143.21.

We find as a matter of law that N.C.G.S. § 143-143.21 is applicable to the case at bar so that plaintiff's maximum retention for damages is $500. The trial court erred in not granting defendants' motion for a directed verdict. "Where rulings are made under a misapprehension of the pertinent principles of law, the practice is to vacate such rulings and remand the cause for further proceedings." *Owens v. Voncannon*, 251 N.C. 351, 355, 111 S.E. 2d 700, 703 (1959). Since we find that the trial court entered judgment in the case at bar under a misapprehension of the applicability of N.C.G.S. § 143-143.21, the prior judgment for $10,000 in favor of plaintiff should be vacated, and this proceeding should be remanded for the entry of a judgment awarding plaintiff $500 pursuant to N.C.G.S. § 143-143.21.

For the above reasons, we vacate the judgment of the trial court for plaintiff in the amount of $10,000, and remand this case for entry of judgment for plaintiff in the amount of $500.

Vacated and remanded.

Judges PHILLIPS and EAGLES concur.