SEA RANCH II OWNERS ASSOCIATION, INC., PLAINTIFF v. SEA RANCH II, INC., DEFENDANT

No. COA05-1528

(Filed 7 November 2006)

## 1. Appeal and Error— timeliness of appeal

Plaintiff owner association's appeal of the 15 March 2004 order is dismissed as untimely, because: (1) plaintiff appealed from a judgment entered 15 March 2004, but did not file this appeal until 15 June 2005, well outside the thirty-day window for appealing; (2) although plaintiff contends the 15 March 2004 judgment was not a final order, the order disposed of all matters at issue between the parties and the mere designation of an order as temporary by a trial court is not sufficient to make that order interlocutory; (3) although plaintiff contends the 15 March 2004 judgment remained pending until entry of denial of its motion for relief under N.C.G.S. § 1A-1, Rule 60(b) on 23 May 2005, relief under Rule 60(b) is from final orders and by filing its Rule 60(b) motion, plaintiff has judicially admitted that the order was final; and (4) plaintiff did not correct the trial court when it stated plaintiff's position that this was a final order and became final within the expiration of any appeal period from March 4th.

## 2. Civil Procedure— motion in the cause—equitable estoppel—ratification

The trial court did not abuse its discretion in an action seeking past due maintenance and special assessments from 1990 forward from defendant developer by denying plaintiff owner association's motion in the cause under N.C.G.S. § 1A-1, Rule 60(b), because: (1) a party is equitably estopped from attacking the terms of an order which it acknowledged, acquiesced in, and

attempted to modify and enforce; (2) plaintiff filed an action asking the trial court to interpret and determine the rights and obligations of the parties under the 15 March order, and plaintiff moved for a contempt of court order asking that defendant be found in willful contempt of the 15 March court order and asking for attorney fees; (3) plaintiff accepted a check for $14,610 from defendant under the 15 March order; and (4) plaintiff through its actions has ratified the 15 March order and may not now challenge its validity.

Appeal by plaintiff from orders entered 15 March 2004 and 23 May 2005 by Judge Jerry R. Tillett in the Superior Court in Dare County. Heard in the Court of Appeals 12 September 2006.

*Wyrick, Robbins, Yates & Ponton, L.L.P., by K. Edward Greene and Alyssa M. Chen, and Hoyle & Stroud, L.L.P., by William S. Hoyle, for plaintiff.*

*Stallings & Bischoff, P.C., by Steven C. Frucci, pro hac vice, and Bradford J. Lingg, for defendant.*

HUDSON, Judge.

On 20 September 2000, plaintiff Sea Ranch Owner's Association, Inc., ("the owner's association") filed a complaint seeking past-due maintenance and special assessments from 1990 forward from defendant Sea Ranch II, Inc. ("the developer"). In November 2002, the court granted defendant's motion for partial summary judgment as to past-due assessments from 1990 to 1999. The matter came on for jury trial in November 2003. At the close of all evidence, the parties announced that they had reached a settlement agreement, the terms of which were stated in open court on 19 November 2003. Defendant drafted a proposed consent judgment, but plaintiff refused to sign it and defendant moved for entry of judgment. At the motion hearing on 28 January 2004, plaintiff repudiated the terms of the settlement in open court. On 15 March 2004, the court entered an order determining settlement terms between the parties and attaching a draft of the consent judgment prepared by defendant and containing red-line changes by plaintiff. On 19 November 2004, plaintiff moved for relief from the judgment pursuant to Rule 60(b), which motion the court denied. On 15 June 2005, plaintiff filed its notice of appeal from orders entered 15 March 2004 and 23 May 2005. On 29 November 2005, defendant moved to dismiss this appeal, which motion we dis-

missed as untimely; on 17 January 2006, defendant filed a supplemental motion to dismiss and for sanctions and attorney's fees. On 20 January 2006, defendant filed a second supplemental motion to dismiss and for sanctions and attorney's fees. As discussed below, we affirm in part and dismiss in part.

Sea Ranch II is an interval ownership condominium development organized pursuant to Chapter 47A of the North Carolina General Statutes and governed by its declaration of unit ownership. The declaration requires unit owners and the developer to pay various assessments. Plaintiff owner's association manages the development and collects assessments. Defendant is the developer and owns several of the units. The owner's association instituted this action to collect past due assessments from the developer.

[1] We first consider the developer's motion to dismiss this appeal as not timely filed. The owner's association appealed from a judgment entered 15 March 2004, but did not file this appeal until 15 June 2005, well outside the thirty-day window for appealing. The owner's association counters that the 15 March 2004 judgment was not a final order, and that the matter remained pending until entry of denial of its motion for relief pursuant to Rule 60(b) on 23 May 2005. We are not persuaded by this argument.

The owner's association bases this assertion on the following language in the decretal portion of the order:

5. That this Order may be enforced or modified by either party upon petition, motion or request to the undersigned Judge who retains jurisdiction herein. . . .

Regardless of the court's intent in including this language, it does not change the fact that the order disposed of all matters at issue between the parties. "A mere designation of an order as temporary by a trial court is not sufficient to make that order interlocutory and not appealable." *Cox v. Cox*, 133 N.C. App. 221, 233, 515 S.E.2d 61, 69 (1999). In *Cox*, the trial court specifically designated its order as temporary and open to being revisited in the future; however, because all issues were resolved in the order, this Court held that the "temporary" order was, in fact, final and appealable. *Id.* at 232-33, 515 S.E.2d at 69.

Further, the owner's association contends that it was not a final order until the entry of the order in response to its Rule 60(b) motion. Rule 60(b) provides that "[o]n motion and upon such terms as are

just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding. . . ." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2004). Thus, relief under Rule 60(b) is from *final* orders. By filing its Rule 60(b) motion, the owner's association has judicially admitted that the 15 March 2004 order was final. At the hearing on the Rule 60(b) motion, the court stated, "It was my understanding that plaintiff's position that this was a final order and became final, within the expiration of any appeal period from March 4th." The record reflects that the owner's association did not correct the court's understanding. Because it was not timely filed, we dismiss the owner's association's appeal of the 15 March 2004 order.

**[2]** The owner's association also argues that the court erred in denying its motion in the cause pursuant to Rule 60(b). We do not agree.

The standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion. *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.* (internal quotation marks and citations omitted).

The owner's association's motion argued that relief should be granted pursuant to Rule 60(b)(4) ("judgment is void") or (6) ("any other reason justifying relief"). A motion made pursuant to Rule 60(b)(4), to set aside a void judgment, may be made at any time. *Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 689, 567 S.E.2d 179, 184 (2002). Motions pursuant to subsection (6) "shall be made within a reasonable time." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2004). "What constitutes a "reasonable time" depends upon the circumstances of the individual case." *Nickels v. Nickels*, 51 N.C. App. 690, 692, 277 S.E.2d 577, 578, *disc. review denied*, 303 N.C. 545, 281 S.E.2d 392 (1981). Further, to set aside a judgment or order pursuant to Rule 60(b)(6) requires a showing: (1) that extraordinary circumstances exist and (2) that justice demands relief. *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987).

The trial court denied the owner's association's motion based on its conclusions that the 15 March 2004 order was not void and that the owner's association "failed to assert its rights claimed . . . within a reasonable time." The owner's association contends the 15 March order is void "as against public policy because it includes terms which violate the parties' own declarations of unit ownership and

the provisions of Chapter 47A . . . ." However, a party is equitably estopped from attacking "the terms of [an] Order which he acknowledged, acquiesced in and attempted to modify and enforce . . . ." *Chance v. Henderson*, 134 N.C. App. 657, 666, 518 S.E.2d 780, 786 (1999).

Here, the record reflects that on 25 April 2005, the owner's association filed an action asking the trial court to "interpret and determine the rights and obligations of the parties" under the 15 March order, and that the owner's association moved for a contempt of court order asking that the developer be found "in willful contempt of the [15 March] court Order" and asking for attorney's fees. Further, the owner's association accepted a check for $14,610 from defendant pursuant to the 15 March order. The owner's association through its actions has ratified the 15 March order and may not now challenge its validity.

Regarding the trial court's finding that the owner's association "failed to assert its rights claimed . . . within a reasonable time," plaintiff filed its Rule 60(b) motion six months following entry of the 15 March 2004 order. Plaintiff has failed to show an abuse of discretion in the court's denial of the owner's association's motion where the 15 March 2004 order was not void, as discussed *supra,* and where the motion was not filed until six months after entry of the underlying order. This assignment of error is without merit.

Affirmed in part, dismissed in part.

Judges WYNN and TYSON concur.