SHARYN'S JEWELERS, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY, PLAINTIFF v.
IPAYMENT, INC., IPAYMENT OF VALENCIA, VERICOMM, AND JPMORGAN
CHASE BANK, DEFENDANTS

No. COA08-651

(Filed 7 April 2009)

**1. Civil Procedure— Rule 60—relief from default judgment— timeliness of motion**

It was error for the trial court to not consider defendant Vericomm's Rule 60(b)(6) motion for relief from a default judgment, under the peculiar circumstances of the case, where the motion was filed seventeen months after the entry of the default judgment. The entry of the default judgment, and not actual notice, is the appropriate point from which to consider the timeliness of the motion, but this case presented the unique circumstance of the trial court granting more relief than was authorized.

**2. Damages and Remedies— default judgment—relief partially exceeding pleadings—remanded**

A default judgment arising from credit card verifications was set aside in part where the allegations against defendant Vericomm did not include all of the requests for relief made against the other defendants and did not support all of the relief granted against defendant Vericomm.

Judge ROBERT C. HUNTER concurring.

Appeal by Defendant Vericomm from order entered 25 February 2008 by Judge Russell J. Lanier, Jr. in Superior Court, Carteret County. Heard in the Court of Appeals 13 January 2009.

*Howard, Stallings, From & Hutson, P.A., by B. Joan Davis, Richard P. Leissner, Jr., and Philip W. Paine, for defendant-appellant Vericomm.*

*John A. J. Ward, PLLC, by Catherine R. Piwowarski, and John A. J. Ward, for plaintiff-appellee.*

WYNN, Judge.

"A default judgment which grants plaintiff's relief in excess of that to which they are entitled upon the facts alleged in the verified

complaint is irregular."[1] Defendant Vericomm argues that the trial court erred by denying its motions for relief from judgment because the default judgment was void, or alternatively, because other extraordinary circumstances exist which justify such relief. We hold that while the default judgment was not void, the relief granted in the default judgment exceeds the relief prayed for in the complaint; accordingly, we vacate the default judgment in part.

The facts tend to show that Sharyn's Jewelers, LLC is a jewelry store in Emerald Isle, North Carolina operated independently by Sharyn Cushing. In 2003, Ms. Cushing contracted with a single salesperson to acquire machinery and services to accept and process credit card transactions at Sharyn's Jewelers. The contracts Ms. Cushing signed called for Defendant Vericomm, a California corporation and the sole appellant here, to provide credit card terminals that received customers' credit card information and relayed it to Defendants Ipayment and JPMorgan, which "were responsible for verifying, authorizing, processing, and settling all credit card transactions performed at Sharyn's Jewelers place of business."

On 25 August 2004, Sharyn's Jewelers received a telephone order from a customer paying by credit card. From that time through 14 October 2004, Sharyn's Jewelers accepted numerous orders charged to the same credit card. Each order was reported by the credit card terminal provided by Vericomm as "authorized." "During this same time period [Ms. Cushing and her] store attendant called Ipayment/Vericomm at least seven times questioning the validity and acceptability of this particular credit card name and address. At no time did they inform [Ms. Cushing or her store attendant] that there was a problem of any sort with this credit card." Meanwhile, Ipayment continued withdrawing fees for processing the transactions from Sharyn's Jewelers' account.

Toward the end of October 2004, Ms. Cushing received phone calls from Ipayment and JPMorgan representatives informing her that the credit card had been reported stolen on 2 September 2004, and accusing her of conducting fraudulent transactions involving the credit card since that time. Ipayment allegedly insisted that Sharyn's Jewelers would be responsible for all amounts charged beyond the card's $20,000 limit, and that Ipayment intended to report Sharyn's Jewelers to the MATCH system, with the consequence that Sharyn's

---

1. *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975) (citation omitted), *disc. review denied*, 289 N.C. 619, 223 S.E.2d 396 (1976).

Jewelers would be "blacklisted" or disqualified from accepting credit cards in the future. By the end of October 2004, Sharyn's Jewelers' credit card machine was in fact "frozen," and unable to accept or process credit card transactions.

On 27 January 2005, Sharyn's Jewelers filed suit against Ipayment, Vericomm, and JPMorgan, asserting the following claims for relief: 1) breach of fiduciary duty; 2) constructive fraud; 3) Unfair and Deceptive Trade Practices; 4) negligent misrepresentation; 5) fraud; 6) breach of contract; 7) breach of third-party beneficiary contract; 8) punitive damages; and 9) injunctive relief. Only JPMorgan filed a responsive pleading.

On 23 March 2005, Sharyn's Jewelers filed a Motion for Entry of Default against Vericomm. The Clerk of Carteret County Superior Court entered a Default against Vericomm the same day. Sharyn's Jewelers moved for default judgment against Vericomm and Ipayment on 15 February 2006, and the trial court granted the motion on 10 April 2006.

In its default judgment, the trial court adjudicated Ipayment and Vericomm jointly and severally liable for compensatory damages, attorneys' fees, and punitive damages. The trial court also imposed injunctive relief, ordering Ipayment and Vericomm to permanently refrain from "black-listing or black-balling" Sharyn's Jewelers or any person related to Sharyn's Jewelers. Sharyn's Jewelers assigned its interest in the default judgment to Judgment Recovery Group, LLC in November 2006. Vericomm filed motions for relief from judgment pursuant to N.C. R. Civ. P. 60 (b) on 21 September 2007, and an amended motion for relief from judgment on 18 October 2007. After a hearing, the trial court denied the motions in an order filed on 25 February 2008. The trial court's order denied relief pursuant to Rule 60(b)(4) (void judgment) and Rule 60(b)(6) (any other reason justifying relief).

Vericomm appeals from the denial of its Rule 60(b) motions, arguing that the trial court erred because the default judgment was void under Rule 60(b)(4); and under Rule 60(b)(6), its motion was brought within a reasonable time and demonstrated extraordinary circumstances justifying relief. We summarily reject Vericomm's contention that the excess relief granted by the trial court voided the default judgment because a "default judgment which grants plaintiff's relief in excess of that to which they are entitled upon the facts alleged in the verified complaint is irregular," not void. *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975).

SHARYN'S JEWELERS, LLC v. IPAYMENT, INC.

[196 N.C. App. 281 (2009)]

Accordingly, the dispositive issues on appeal are (1) whether Vericomm brought its Rule 60(b)(6) motion within a reasonable time, and (2) if so, did the trial court award excessive relief which constituted extraordinary circumstances justifying relief from the default judgment. We hold that Vericomm's motion was brought within a reasonable time and that the trial court's award of excessive relief merits vacating the default judgment in part.

I.

[1] Vericomm first argues that its Rule 60(b)(6) motion was brought within a reasonable time. Rule 60(b)(6) motions must be reasonably timely, depending upon the circumstances of each individual case. *Sea Ranch II Owners Ass'n, Inc. v. Sea Ranch II, Inc.*, 180 N.C. App. 226, 229, 636 S.E.2d 332, 334 (2006) (citations omitted), *disc. review denied*, 361 N.C. 357, 644 S.E.2d 233 (2007). We review the denial of a motion pursuant to Rule 60(b)(6) for an abuse of discretion. *Ollo v. Mills*, 136 N.C. App. 618, 624, 525 S.E.2d 213, 217 (2000) (citations omitted).

The record shows that Vericomm's motions for relief from judgment were not filed until more than seventeen months after entry of the default judgment. Still, Vericomm argues that its Rule 60(b)(6) motion was brought within a reasonable time because Sharyn's Jewelers did not serve the default judgment and Vericomm did not receive actual notice of it until August 2007. Accordingly, Vericomm contends that the timeliness of its Rule 60(b)(6) motion should be considered from the date it received actual notice, and not the date the default judgment was entered. However, Sharyn's Jewelers responds that it was not required to serve the default judgment on Vericomm pursuant to N.C. R. Civ. P. 5(a) (2007):

> Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment and similar paper shall be served upon each of the parties, *but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.*

(emphasis added).

An order finding Vericomm in default was entered on 23 March 2005, long before entry of the default judgment. Therefore, Sharyn's Jewelers was not required to serve the default judgment on Vericomm. Moreover, the record contains proof that Vericomm was properly served with all pleadings and the entry of default. Thus, at the very least, Vericomm had notice of its status as a defendant to this litigation, and the potential that an adverse judgment could be rendered against it. Accordingly, entry of the default judgment, and not the point of Vericomm's actual notice, is the appropriate point in time to consider the timeliness of Vericomm's Rule 60(b)(6) motion.

In determining whether Vericomm acted within a reasonable time to assert its Rule 60(b)(6) motion, we are aware that this Court has held that periods as short as six months between entry of judgment and filing of a Rule 60(b) motion have been held not to be reasonably timely. *See Sea Ranch Owners II*, 180 N.C. App. at 230, 636 S.E.2d at 335 (holding that the trial court did not abuse its discretion in denying Rule 60(b)(6) motion where order entered in default was not void and the motion was not filed until six months after entry of the underlying order). Nonetheless, the unique circumstance on the face of the record—that the trial court granted more relief beyond than was authorized—leads us to conclude that extraordinary circumstances justify considering Vericomm's Rule 60(b)(6) motion. Accordingly, under the particular circumstances of this case, we hold that it was error for the trial court to not consider Vericomm's Rule 60(b)(6) motion, filed seventeen months after entry of the default judgment, as reasonably timely.

## II.

**[2]** Having determined that extraordinary circumstances justify considering Vericomm's Rule 60(b)(6) motion, we address Vericomm's contention that the trial court awarded excessive relief. Movants under Rule 60(b)(6) have the burden to demonstrate that: 1) extraordinary circumstances exist; 2) justice demands relief from judgment; and 3) they have a meritorious defense. *Oxford Plastics, a div. of Plastics Eng'g Corp. v. Goodson*, 74 N.C. App. 256, 259-60, 328 S.E.2d 7, 9-10 (1985).

The record confirms Vericomm's argument that most of the complaint's factual allegations refer specifically to "Defendants Ipayment and JPMorgan." In its first three claims for relief—breach of fiduciary duty, constructive fraud, and Unfair and Deceptive trade Practices—Sharyn's Jewelers made no factual allegations against Vericomm. In

its fourth claim for relief, for negligent misrepresentation, Sharyn's Jewelers alleged:

71 Defendant Vericomm supplied equipment that indicated authorization in the stolen credit card transactions and, if such equipment malfunctioned, then such equipment was provided without reasonable care and such lack of care resulted in false reporting to Plaintiff that the credit card at issue in this litigation was valid and not stolen or maxed.

72. Plaintiff reasonably relied upon the information provided by Defendants, including the false representations that the credit card at issue in this litigation was valid and not stolen or maxed.

Sharyn's Jewelers fifth claim for relief, for fraud, makes no specific allegations against Vericomm. In its sixth claim for relief, for breach of contract, Sharyn's Jewelers makes the following allegation:

81. To the extent that this Court finds that the Merchant Processing Agreement was a contract between Plaintiff and any or all of the Defendants and/or any other agreement between Plaintiff and some or all of the parties was binding, Defendants breached such contract by failing to properly provide credit card authorization services to Plaintiff.

In its seventh, eighth and ninth claims for relief—breach of third party beneficiary contract, punitive damages, and injunctive relief—Sharyn's Jewelers made no specific allegations against Vericomm. In the demand for judgment, the complaint prays that "judgment be entered against Defendants, in a sum in excess of $10,000," but refers specifically to "Defendants Ipayment and JPMorgan" in reference to joint and several liability, Unfair and Deceptive Trade Practices, and punitive damages. Finally, Sharyn's Jewelers' complaint requests that attorneys' fees be awarded against "Defendants," and that the "Court grant Plaintiff such other relief as it deems just and appropriate."

The trial court's default judgment held Vericomm jointly and severally liable with Ipayment for compensatory damages, attorneys' fees, and punitive damages, imposed a permanent injunction on Vericomm, and declared Sharyn's Jewelers' contract with Vericomm null and void. Accordingly, the trial court's default judgment awarded relief against Vericomm beyond the relief supported by the allegations in Sharyn's Jewelers complaint.

However, the following allegations expressly include, or could include, Vericomm:

33. The equipment supplied by Vericomm should not have allowed any transactions to be completed if an electronic message was received that the credit card used in such transaction was declined for any reason, including because it had been either stolen or was maxed.

34. However, each time Sharyn's sought electronic verification regarding the stolen and maxed credit card, the Vericomm equipment showed that Ipayment and JPMorgan had authorized the transactions because the credit card was valid.

35. In addition to seeking electronic verification of the credit card's authenticity, Sharyn's made several telephone calls to the telephone number provided by Defendants for telephone authorizations and asked whether the credit card was stolen. Each time Sharyn's called, it was informed that the credit card was valid.

38. Defendants have threatened to report or have reported Sharyn's to a list of merchants involved in fraudulent activities. . . .

40. Upon information and belief, Defendants continued to authorize transactions after they knew the credit card was stolen and maxed because Defendants believed they would be able to retain all fees and commissions and yet shift liability to Sharyn's for the charges to the stolen credit card.

41. Upon information and belief, Defendants engage in the practice of authorizing stolen credit card transactions by merchants and have used their relative position of power . . . to retain their fees and commissions while recouping from such merchants losses related to such stolen credit card transactions.

In light of our examination of the allegations in the complaint and the relief sought by Sharyn's Jewelers, we hold that the trial court erred by awarding relief against Vericomm in excess of the relief supported by the allegations in Sharyn's Jewelers' complaint. We hold that the complaint only states claims for relief from Vericomm on theories of breach of contract and negligent misrepresentation. The complaint does not support the default judgment's award of punitive damages against Vericomm. *See Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 111, 229 S.E.2d 297, 301 (1976) (stating that North Carolina follows the general rule that punitive damages are not available even for a wilful or malicious breach of contract, but where the breach also constitutes an independent tort, punitive damages may be available).

Likewise, on the claims for Unfair and Deceptive Trade Practices and injunctive relief, the complaint demands relief specifically from "Defendants Ipayment and JPMorgan," but nowhere requests relief from Vericomm on those claims. Therefore, the judgment against Vericomm for Unfair and Deceptive Trade Practices, attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1 (2007), and injunctive relief cannot stand.

In sum, we vacate that part of the default judgment imposing liability on Vericomm for punitive damages, Unfair and Deceptive Trade Practices, attorneys' fees, and injunctive relief. Because the allegations in Sharyn's Jewelers' complaint support the award of compensatory damages against Vericomm, however, that part of the judgment is affirmed.

Affirmed in part; vacated in part.

Judge ROBERT C. HUNTER concurs in a separate opinion.

Judge ERVIN concurs.

HUNTER, Robert C., Judge, concurring.

I concur with the result reached by the majority, but write separately because I disagree with the majority's conclusion that the entry of the default judgment is the appropriate time to consider timeliness in a Rule 60(b)(6) motion under these circumstances. I would find that the appropriate measuring point occurs when the defendant has first notice of the excess relief unsupported by the complaint.

This Court has held that individual circumstances define "reasonable time" under Rule 60(b)(6). *See Nickels v. Nickels*, 51 N.C. App. 690, 692, 277 S.E.2d 577, 578 (1981); *McGinnis v. Robinson*, 43 N.C. App. 1, 8, 258 S.E.2d 84, 88 (1979). This Court has held that a defendant's filing of a Rule 60(b) motion 15 months after first notice of the judgment and 19 months after filing of the default judgment was reasonable where defendant was unaware that a default judgment had been entered. *J & M Aircraft Mobile T-Hangar, Inc. v. Johnston County Airport Auth.*, 166 N.C. App. 534, 536-38, 603 S.E.2d 348, 350-51 (2004). In *J & M Aircraft*, this Court found that the defendant's response was within a "reasonable time" when the defendant "immediately retained counsel, tried to attack the judgment . . . and filed the Rule 60 motion within 15 months of having notice for the first time

that there was a . . . judgment against [the defendant]." *Id.* at 538, 603 S.E.2d at 351.

This Court's measuring point in *J & M Aircraft*, is appropriate in instances where a defendant chooses not to respond to a complaint. For example, if a defendant receives plaintiff's complaint, the contents of which he knows are true, a defendant may choose not to respond and avoid the associated time and expense. In that circumstance the measuring point would be upon service of the entry of default as the defendant is fully aware of the consequences of his or her inaction. However, if the default judgment following the entry of default contains relief in excess of the relief supported by the plaintiff's case, time should accrue when the defendant becomes aware of the excess relief. As the entry of default is entered before the default judgment, defendant could not possibly be aware of the default judgment's excess relief. Whether a defendant's Rule 60(b) motion is timely would be based upon the time between when the defendant becomes aware of the excess relief granted and the filing of defendant's 60(b) motion.

This Court's rationale in *J & M Aircraft*, can be applied in the instant case. In that case, this Court did not focus on the amount of time between the entry of default and the defendant's response. Instead, the Court focused on the time between when defendant first knew of the contents of the judgment and the defendant's motion under Rule 60(b) in determining timeliness. Similarly, in the instant case, Vericomm was unaware that the trial court's judgment provided relief in excess of the relief supported by plaintiff's complaint upon entry of default. Vericomm learned of the North Carolina judgment, which contained the excess relief, when it was served with "Notice of Entry of Judgment on a Sister State Judgment" on 7 September 2007. On 21 September 2007, Vericomm filed its Motion for Relief from Judgment. Following the rationale from *J & M Aircraft* in determining reasonable time under these circumstances, a defendant's first notice of the excessive relief unsupported by the complaint is the appropriate point in time to consider the timeliness of the defendant's response.

Accordingly, I concur with the majority that under these particular circumstances, Vericomm's Rule 60(b)(6) motion was timely; however, I would hold that the point of actual notice of the excess relief is the appropriate point in time to consider the timeless of the 60(b) motion in such situations, not the entry of the default judgment as the majority holds.