DAVIS, Judge.
Plaintiff Aoun & Cole, Inc. ("Aoun & Cole") and Defendant Jun H. Lee each appeal from the trial court's order pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure setting aside a portion of the damages awarded in its prior default judgment. After a thorough review of the record and applicable law, we affirm.
Factual and Procedural Background
Aoun & Cole entered into a contract for construction services (the "Contract") with Lee and his subcontractor, Donald Stephen Fitzpatrick (collectively "Defendants"). The parties agreed that Fitzpatrick-under Lee's supervision-would demolish an existing structure and construct a convenience store at 1700 New Bern Avenue in Raleigh, North Carolina. The Contract provided that the project would be completed by 3 May 2015. In addition, the Contract contained a section entitled "Completion of the Work," which contained the following language:
Time is of the essence to this contract. Contractor agrees to pay Owner as liquidated damages, and not as a penalty, the sum of $500 per day that final completion is delayed beyond the completion date identified herein. Owner and Contractor understand, acknowledge and agree that the amount of liquidated damages is a reasonable estimate of the damages Owner is expected to incur if completion is delayed and that the determination of actual damages will be difficult if not impossible to calculate.
At some point, Fitzpatrick falsely informed Aoun & Cole that he had received a permit to begin construction, and based on this misrepresentation Aoun & Cole paid $26,109 "in order to obtain commercial construction services from the Defendants." At some point after paying Defendants for the project, Aoun & Cole learned that they did not, in fact, possess a permit to begin the project. Due to Defendants' ultimate failure to complete the project, Aoun & Cole also spent an additional $3,600 in hiring new workers and obtaining permits.
On 26 April 2016, Aoun & Cole filed a complaint (the "Complaint") against Defendants in Wake County Superior Court. The Complaint alleged that (1) Defendants had breached the Contract; (2) Lee failed to supervise Fitzpatrick in connection with Defendants' obligations under the Contract; and (3) Defendants had committed fraud. In the Complaint, Aoun & Cole sought compensatory damages in an amount exceeding $25,000 and special damages as well as attorneys' fees, costs, and interest.
On 26 May 2016, a civil summons addressed to Lee along with a copy of the Complaint were served on Lee's wife at their home. The summons notified Lee that a civil action had been commenced against him and directed him to respond to the complaint within thirty days. However, Lee failed to respond to the Complaint.
On 1 July 2016, Aoun & Cole filed a motion for entry of default again Lee, and the motion was served on Lee. The Wake County clerk of court subsequently made an entry of default against Lee on 6 July 2016. Aoun & Cole filed a motion for default judgment on 11 July 2016, which was served on Lee by mail that same day. Aoun & Cole filed a document captioned "Motion for Default Judgment Summary Judgment" as well as a notice of hearing scheduling the motion for hearing on 25 July 2016. Both of these documents were served on Lee by mail on 18 July 2016 and filed on 19 July 2016. On 19 July 2016, Aoun & Cole took a voluntary dismissal without prejudice as to its claims against Fitzpatrick.
On 20 July 2016, Aoun & Cole filed the affidavit of Mounib Aoun, the owner of Aoun & Cole. The affidavit was served on Lee by mail on 20 July 2016. In his affidavit, Aoun summarized the grounds for its lawsuit and explained the origin of-and basis for-the liquidated damages clause in the Contract. He further stated that in the lawsuit Aoun & Cole was seeking $224,000 from Lee in liquidated damages (based on the assertion that Defendants had been in breach of the Contract for 448 days), $29,709 in compensatory damages, and costs in the amount of $300.
On 25 July 2016, a hearing took place before the Honorable Paul C. Ridgeway on Aoun & Cole's motions. Lee did not appear at the hearing. Following the hearing, the trial court entered a default judgment against Lee and awarded Aoun & Cole compensatory damages in the amount of $29,709, liquidated damages in the amount of $224,000, $2,275 in attorneys' fees, and $300 in costs.
On 3 November 2016, Lee filed a motion to set aside the entry of default and the default judgment pursuant to Rules 55(d) and 60(b) of the North Carolina Rules of Civil Procedure. In his motion, he argued, in pertinent part, that (1) Fitzpatrick had forged Lee's name to the Contract without prior authorization from Lee; (2) Fitzpatrick had assured Lee that he would resolve the lawsuit; and (3) Lee's wife was served with the summons and Complaint while he was out of the country. For these reasons, he argued, good cause existed to set aside the entry of default and default judgment based on excusable neglect pursuant to Rule 60(b)(1), extrinsic fraud pursuant to Rule 60(b)(2), and in the interests of justice pursuant to Rule 60(b)(3). Alternatively, he argued, because Aoun & Cole's prayer for relief in its Complaint did not specifically request liquidated damages the trial court had erred in awarding such damages in the default judgment. Lee attached to the motion an affidavit from Fitzpatrick in which he stated that he had, in fact, signed Lee's name to the Contract.
On 14 November 2016, the trial court entered an Order and Amended Judgment that stated, in pertinent part, as follows:
1. The grounds for relief stated in Defendant Lee's motion and reflected in the record are insufficient to rise to the level of excusable neglect or other good cause that would justify setting aside the entry of default or default judgment in this matter, except as noted below.
2. The Court finds, however, that the default judgment should be amended to strike the liquidated damages previously allowed by the Court because the Plaintiff's Complaint does not assert a claim for liquidated damages, and the contract that is at issue in the Complaint, and attached thereto, does not contain a liquidated damages provision. See Knutton v. Cofield, 273 N.C. 355 (1968) ("The phrase 'liquidated damages' means a sum stipulated and agreed upon by the parties, at the time of entering into a contract, as being payable as compensation for injuries in the event of a breach.["] ) Because the contract between the parties contained no liquidated damages provision, and the Complaint did not allege a liquidated damages claim for relief, the Defendant is entitled to relief under Rule 60(b)(6) from that portion of the default judgment awarding damages for liquidated damages.
On 23 November 2016, Aoun & Cole filed a notice of appeal. On 2 December 2016, Lee cross-appealed.
Analysis
A court's authority to set aside a default judgment is governed by Rule 55(d) of the North Carolina Rules of Civil Procedure, which provides as follows:
(d) Setting aside default.-For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b).
N.C. R. Civ. P. 55(d).
"A trial court's decision to grant or deny a motion to set aside an entry of default and default judgment is discretionary. Absent an abuse of that discretion, this Court will not reverse the trial court's ruling." Wiley v. L3 Communs. Vertex Aero., LLC, --- N.C. App. ----, ----, 795 S.E.2d 580, 586 (2016) (citation and quotation marks omitted), disc. review denied, --- N.C. ----, 797 S.E.2d 17 (2017). "[W]e only find abuse of discretion where the trial court's judgment is manifestly unsupported by reason." Bodie Island Beach Club Ass'n, Inc. v. Wray, 215 N.C. App. 283, 290, 716 S.E.2d 67, 74 (2011).
Aoun & Cole argues in its appeal that the trial court erred in setting aside the portion of the 25 July 2016 default judgment awarding liquidated damages in the amount of $224,000. In his cross-appeal, Lee contends that the trial court abused its discretion in denying his request to set aside the default judgment in its entirety. We first address Lee's cross-appeal and then consider Aoun & Cole's appeal.
I. Lee's Cross-Appeal
Lee argues that the trial court erred in denying his motion to set aside the default judgment in its entirety (1) on the basis of excusable neglect pursuant to Rule 60(b)(1) ; and (2) based on extraordinary circumstances under Rule 60(b)(6). We address each of his arguments in turn.
A. Rule 60(b)(1)
"Although the decision to set aside a judgment under Rule 60(b)(1) is a matter within the trial court's discretion, what constitutes 'excusable neglect' is a question of law which is fully reviewable on appeal." In re Hall, 89 N.C. App. 685, 687, 366 S.E.2d 882, 884 (citation omitted), disc. review denied, 322 N.C. 835, 371 S.E.2d 277 (1988). We have held that "[w]hether neglect is 'excusable' or 'inexcusable' is a question of law which depends upon what, under all the surrounding circumstances, may be reasonably expected of a party to litigation." Anderson Trucking Serv., Inc. v. Key Way Transp., Inc., 94 N.C. App. 36, 41, 379 S.E.2d 665, 668 (1989) (citation and quotation marks omitted). "However, the trial court's decision is final if there is competent evidence to support its findings and those findings support its conclusion. Whether the movant has shown excusable neglect must be determined by his actions at or before entry of judgment." Hall, 89 N.C. App. at 687, 366 S.E.2d at 884 (internal citations omitted).
Lee argues that his failure to respond to the Complaint was the result of excusable neglect for two reasons. First, he did not actually sign the Contract. Second, Fitzpatrick (who signed Lee's name on the Contract) repeatedly assured Lee that "the matter would be resolved[.]"
"While there is no clear dividing line as to what falls within the confines of excusable neglect as grounds for the setting aside of a judgment, what constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." Croom v. Hedrick, 188 N.C. App. 262, 267, 654 S.E.2d 716, 720 (2008) (citation and quotation marks omitted). "Generally, this Court will not find excusable neglect where the party establishes merely that he was ignorant of the judicial process or misunderstood the nature of the action against him, even when the party has little education." Grier v. Guy, 224 N.C. App. 256, 259, 741 S.E.2d 338, 341 (2012) (citation omitted), disc. review denied, 366 N.C. 563, 738 S.E.2d 381 (2013). We have made clear that "[w]hen a party is duly served with a summons, yet fails to give her defense the attention which a person of ordinary prudence usually gives her important business, there is no excusable neglect." Hall, 89 N.C. App. at 687, 366 S.E.2d at 884.
In the present case, we conclude Lee's claimed reliance on Fitzpatrick to "take care of the lawsuit" is insufficient to meet his burden of showing excusable neglect. Lee was served with a civil summons and a copy of the Complaint. These documents made it clear that he-as well as Fitzpatrick-was a named defendant. Nevertheless, Lee failed to personally take any steps to respond to the Complaint.[1]
While Lee attempts to rely upon cases in which we have found excusable neglect based on a litigant's reliance on a spouse or attorney, these cases are inapplicable here. See McInnis, 318 N.C. 421, 426, 349 S.E.2d 552, 555 (1986) ("[U]nder the circumstances surrounding this case it was not unreasonable for [defendant] to rely on her husband's assurance that the matter had been taken care of and thus ... her actions constitute excusable neglect."); Kirby v. Asheville Contracting Co., 11 N.C. App. 128, 130, 180 S.E.2d 407, 409 (1971) ("[N]eglect of [defendant's] attorneys in failing to carry out the duty which they had assumed in regard to the filing of answer and other pleadings, defending said defendant, was not imputable to the defendant."), cert. denied, 278 N.C. 701, 181 S.E.2d 602 (1971).
In the present case, conversely, the relationship between Lee and Fitzpatrick cannot be likened to that existing between two spouses or between a client and his attorney. Notably, this Court has refused to find excusable neglect where a defendant sought to show excusable neglect through his reliance on a person other than a spouse or attorney. See, e.g., Grier, 224 N.C. App. at 260, 741 S.E.2d at 341 (defendant's ignorance of judicial process and reliance on co-defendant daughter's statement that "she believed the [service] papers were intended for [another co-defendant]" did not constitute excusable neglect).
Lee has alleged, on the one hand, that Fitzpatrick forged his signature on the Contract but that, on the other hand, he nevertheless continued to place his trust in Fitzpatrick to resolve the suit without the need for Lee to make an appearance of his own. Under these circumstances, we agree with the trial court that Lee has failed to demonstrate that his neglect was excusable.
B. Rule 60(b)(6)
Lee also argues that the trial court erred by not setting aside the default judgment pursuant to Rule 60(b)(6). Rule 60(b)(6)"serves as a grand reservoir of equitable power by which a court may grant relief from a judgment whenever extraordinary circumstances exist and there is a showing that justice demands it." Dollar v. Tapp, 103 N.C. App. 162, 163-64, 404 S.E.2d 482, 483 (1991) (citation and quotation marks omitted). "In order for a defendant to succeed in setting aside a default judgment under Rule 60(b)(6), he must show: (1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense." Gibby v. Lindsey, 149 N.C. App. 470, 474, 560 S.E.2d 589, 592 (2002) (citations omitted). "We review the denial of a motion pursuant to Rule 60(b)(6) for an abuse of discretion." Sharyn's Jewelers, LLC v. Ipayment, Inc., 196 N.C. App. 281, 284, 674 S.E.2d 732, 735 (2009).
Lee contends that relief under Rule 60(b)(6) was warranted based on his assertion that he did not actually sign the Contract, he was not involved in the construction project, he was out of the country when service of process was made at his residence, and he relied on Fitzpatrick's assurances that the lawsuit would be resolved. However, we cannot say on these facts that the trial court abused its discretion in refusing to set aside the default judgment against Lee in its entirety. See Kennedy v. Starr, 62 N.C. App. 182, 187, 302 S.E.2d 497, 500 (holding that defendant failed to show trial court's denial of motion to set aside default judgment based on extraordinary circumstances constituted abuse of discretion), disc. review denied, 309 N.C. 321, 307 S.E.2d 164 (1983).
II. Aoun & Cole's Appeal
Having determined that the trial court did not err in refusing to set aside the 25 July 2016 default judgment in its entirety, we next consider Aoun & Cole's argument that the court erred by amending the default judgment to strike its prior award of liquidated damages. Initially, Aoun & Cole argues that the trial court lacked authority to grant relief to Lee because Rule 60(b)(6) cannot be used by a court to correct an error of law.
Our case law applying Rule 60(b)(6) has recognized a distinction between erroneous judgments and irregular judgments. "A party seeking to set aside an irregular judgment may properly do so by filing a motion for relief from judgment pursuant to Rule 60(b)(6)." Brown v. Cavit Scis., Inc., 230 N.C. App. 460, 464, 749 S.E.2d 904, 908 (2013) (citation omitted). However, "[e]rroneous judgments may be corrected only by appeal, and a motion under this rule cannot be used as a substitute for appellate review." Chicopee, Inc. v. Sims Metal Works, Inc., 98 N.C. App. 423, 431, 391 S.E.2d 211, 216 (citation and quotation marks omitted), disc. review denied, 327 N.C. 426, 395 S.E.2d 675 (1990).
Therefore, we must determine whether Lee's Rule 60(b)(6) argument asserted an error of law or an irregular judgment. This Court has held that "[a] default judgment which grants plaintiff's relief in excess of that to which they are entitled upon the facts alleged in the verified complaint is irregular." Taylor v. Triangle Porsche-Audi, Inc., 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975) (citation omitted and emphasis added), disc. review denied, 289 N.C. 619, 223 S.E.2d 396 (1976) ; see also Brown, 230 N.C. App. at 465, 749 S.E.2d at 908 (holding trial court awarded excessive damages in default judgment such that defendant was entitled to relief seventeen months later pursuant to Rule 60(b)(6) ).
Here, Lee's argument before the trial court was that the award of liquidated damages was excessive because Aoun & Cole had not sought such damages in its Complaint. Therefore, because he was contending that the judgment was irregular, his argument was properly considered under Rule 60(b)(6).
As noted above, "[t]o qualify for relief under Rule 60(b)(6), a movant must satisfy a three-part test: (1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense." Wiley, --- N.C. App. at ----, 795 S.E.2d at 586 (citation and quotation marks omitted). Moreover, "[t]he decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and will not be overturned on appeal absent a clear showing of abuse of discretion." Anderson Trucking Serv., 94 N.C. App. at 40, 379 S.E.2d at 667-68 (citation and quotation marks omitted).
The trial court's 14 November 2016 Order and Amended Judgment set out two grounds for setting aside the award of liquidated damages: (1) the Complaint did not contain a claim for liquidated damages; and (2) the Contract did not contain a liquidated damages provision.
As an initial matter, we observe that the trial court's second ground was incorrect. As previously noted, the "Completion of the Work" section of the Contract clearly contained a provision requiring the payment of liquidated damages in the amount of $500 for every day the completion of the project was delayed beyond the date contained in the Contract.
However, we believe the trial court's first ground for striking the award of liquidated damages was proper. Rule 54(c) of the North Carolina Rules of Civil Procedure states as follows:
(c) Demand for judgment.-A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
N.C. R. Civ. P. 54(c).
The logical interpretation of this provision is that a default judgment can only award the type of relief sought in a party's complaint. Therefore, a plaintiff is not entitled to recover relief in a default judgment beyond that which it has sought in its complaint.
In the present case, the Complaint sought the following relief:
1. That Plaintiff be awarded compensatory damages, jointly and severally, in an amount exceeding $25,000 against the Defendants.
2. That Plaintiff be awarded reasonable attorney fees pursuant to provision 12 of the agreement against the Defendants jointly and severally.
3. That Plaintiff be awarded costs of litigation against the Defendants jointly and severally.
4. That Plaintiff be awarded pre and post judgment interest.
5. Plaintiff be awarded special damages if the court determines that the Defendants defrauded the Plaintiff.
6. For such other and further relief as the court may deem just and equitable.
This Court has held that liquidated damages are legally distinct from compensatory damages. See First Value Homes, Inc. v. Morse, 86 N.C. App. 613, 617-18, 359 S.E.2d 42, 45 (1987) (holding that "[a]ctual damages are synonymous with compensatory damages and with general damages" and that "a clear distinction does exist between actual and liquidated damages"). Moreover, while Aoun & Cole's Complaint also requested "special damages," it did so solely in connection with its claim grounded in fraud and, in any event, liquidated damages and special damages are separate categories of damages. See Abram v. Charter Med. Corp., 100 N.C. App. 718, 722, 398 S.E.2d 331, 334 (1990) ("Liquidated damages for breach of a contract are not special damages resulting from the alleged malicious prosecution."), disc. review denied, 328 N.C. 328, 402 S.E.2d 828 (1991).
Although the Contract was attached to the Complaint, the Complaint itself gave no clear indication that liquidated damages were being sought. Indeed, to the contrary, while the request for attorneys' fees in the prayer for relief expressly references "provision 12" of the Contract (which authorizes the award of attorneys' fees in the event of a breach), nowhere does the Complaint mention liquidated damages or reference the "Completion of the Work" provision of the Contract. Thus, the Complaint did not request relief in the form of liquidated damages as required by Rule 54(c).
Aoun & Cole attempts to overcome the absence of such a request in the Complaint by arguing that Lee had sufficient notice that it was seeking liquidated damages in its motion for default judgment because Aoun's affidavit served to supplement the Complaint's demand for judgment by expressly stating that liquidated damages were being sought. We disagree. As noted above, Rule 54(c) expressly provides that the relief awarded in a default judgment must not be different than that demanded "in [the party's] pleadings." N.C. R. Civ. P. 54(c) (emphasis added). It is well settled that an affidavit is not a pleading. First Citizens Bank & Tr. Co. v. McLamb, 112 N.C. App. 645, 651, 439 S.E.2d 166, 169 (1993).
Having determined that the award of liquidated damages in the 25 July 2016 default judgment was irregular, we now apply the above-referenced three-pronged test applicable to a motion brought pursuant to Rule 60(b)(6). At the outset, we note that in its principal appellate brief in support of its argument on this issue, Aoun & Cole does not expressly contest the availability to Lee of a potentially meritorious defense. Therefore, we need not address that prong. See Wiley, --- N.C. App. at ----, 795 S.E.2d at 586 ("Wiley does not argue that L3 lacks a meritorious defense. Thus, we limit our analysis to the first two prongs of the test.").
With regard to the remaining two factors, we held in Wiley that "the size of a default judgment award is a relevant factor to consider when determining whether extraordinary circumstances exist and whether justice would be best served by affording relief from judgment." Id. at ----, 795 S.E.2d at 586. Here, the amount of liquidated damages-$224,000-was substantially greater than the $29,709 awarded in compensatory damages. Therefore, we believe these two prongs were satisfied.
Accordingly, the trial court did not abuse its discretion in amending the 25 July 2016 default judgment to strike the award of liquidated damages. Therefore, we affirm Judge Ridgeway's ruling on this issue. See Sharyn's Jewelers, 196 N.C. App. at 287-88, 674 S.E.2d at 737 (vacating based on Rule 60(b)(6) portion of default judgment awarding certain relief that was not sought against that defendant in plaintiff's complaint).
Conclusion
For the reasons stated above, we affirm the trial court's 14 November 2016 order.
AFFIRMED.
Report per Rule 30(e).
Judge BRYANT concurs.
Judge INMAN concurs in a separate opinion.

While-as noted above-our focus in the excusable neglect analysis is on the period of time at or before the entry of judgment, we observe that Lee also waited over three months after the default judgment had been entered against him before requesting that it be set aside.