D. C. GALLBRONNER AND WIFE, BEULAH H. GALLBRONNER, LESSORS, PLAIN-
TIFFS v. E. LOWELL MASON, D/B/A AUTOMOTIVE ENTERPRISES, LESSEE,
DEFENDANT

No. 9026SC187

(Filed 15 January 1991)

1. **Rules of Civil Procedure § 60.2 (NCI3d)— withdrawal of
counsel—no attempt to obtain representation—no grounds for
relief from judgment**

   The ·trial court did not err in denying defendant's Rule
   60(b) motion for relief from judgment where the evidence tend-
   ed to show that defendant relied upon a named attorney to
   represent him in this action and took no measures to defend
   himself even though the attorney informed defendant verbally
   and in writing that he no longer represented defendant.

   **Am Jur 2d, Judgments §§ 724, 737.**

2. **Rules of Civil Procedure § 15 (NCI3d); Landlord and Tenant
§ 19 (NCI3d)— action to recover rent—motion to recover secu-
rity deposit made after judgment—attempt to amend com-
plaint not timely**

   In an action to recover rent where default judgment was
   entered for plaintiffs on 14 March 1989, the trial court erred
   in granting plaintiffs' 26 July 1989 motion for forfeiture of
   the security deposit made by defendant, since plaintiffs' motion
   was in essence an attempt to amend the complaint which made
   no reference to the security deposit, and a trial court has
   no authority to allow amendment of a complaint after judgment
   has been entered in the case.

   **Am Jur 2d, Pleading § 316.**

APPEAL by defendant from Orders of *Judge Frank W. Snepp*
entered 31 July 1989 in MECKLENBURG County Superior Court.
Heard in the Court of Appeals 20 September 1990.

*Kenneth P. Andresen for plaintiff appellees.*

*Hedrick, Eatman, Gardner & Kincheloe, by Gregory C. York,
for defendant appellant.*

GALLBRONNER v. MASON

[101 N.C. App. 362 (1991)]

COZORT, Judge.

Defendant in the case below moved pursuant to Rules 55(d) and 60(b) of the North Carolina Rules of Civil Procedure for relief from judgment by default entered 14 March 1989. After a hearing, the trial court entered two orders, one denied defendant's motion for relief from judgment and the other granted plaintiffs' "Motion to Forfeit Security Deposit." We affirm the first order and vacate the second.

On 5 April 1988, plaintiffs and defendant executed a lease for a five-year term beginning 1 June 1988. Defendant agreed to pay a monthly rental of $1,500 beginning on 1 August 1988, and continuing for the term of the lease. On 12 December 1988, plaintiffs filed a complaint in summary ejectment, alleging defendant's failure to pay rent and his violation of Charlotte's fire code. The defendant answered pro se. On 28 December 1988, the magistrate entered judgment in the plaintiffs' possessory action, ordering that plaintiffs be put in possession of the premises leased to the defendant. The defendant appealed the magistrate's order to district court but subsequently withdrew that appeal.

On 24 January 1989, plaintiffs filed a new complaint seeking rent accruing under the lease through December 1988. On 10 February 1989, the complaint and summons were served on defendant. Defendant filed no answer, and on 14 March 1989, plaintiffs obtained a judgment by default in the amount of $7,500, plus interest at the legal rate. On 24 April 1989, defendant filed, among others, a motion for relief from the judgment of 14 March 1989 based on "mistake, inadvertence, surprise, or excusable neglect." On approximately 26 July 1989, plaintiffs filed a motion requesting the trial court to order forfeiture of the security deposit made by the defendant under the terms of the lease executed in April 1988. On 31 July 1990, after a hearing on both motions, the trial judge in open court entered one order (filed 3 August 1990) requiring the defendant to forfeit the security deposit and another order (filed 10 August 1990) denying the defendant's motion for relief from judgment.

[1] On appeal the defendant first contends that the trial court erred in denying his Rule 60(b) motion for relief from judgment. He concedes that the trial court's "findings of fact are essentially correct"; nevertheless, he argues that he "did not understand the

intricacies of the legal system or the normal responsibilities of an attorney within an attorney[-]client relationship."

To obtain relief under Rule 60(b), a party must show both excusable neglect and a meritorious defense. N.C. Gen. Stat. § 1A-1, Rule 60 (1990); *East Carolina Oil v. Petroleum Fuel and Terminal Co.*, 82 N.C. App. 746, 748, 348 S.E.2d 165, 167 (1986), *disc. review denied*, 318 N.C. 693, 351 S.E.2d 745 (1987). Appellate review of a trial court's decision on a Rule 60(b) motion "is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 197, 217 S.E.2d 532, 541 (1975). Facts found by the trial court "upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence." *Norton v. Sawyer*, 30 N.C. App. 420, 422, 227 S.E.2d 148, 151, *disc. review denied*, 291 N.C. 176, 229 S.E.2d 689 (1976).

In the case below, the trial court made the following findings of fact and conclusions of law:

> 5. On or about January 19, 1989, Mason engaged the legal services of Mr. Jeffrey Rupe, a Charlotte attorney. Their relationship quickly deteriorated, however. Mr. Rupe, therefore, advised Mason, during several conversations in the first two weeks of February 1989, that he would no longer serve as Mason's lawyer. During one of these discussions, Mason appeared in Mr. Rupe's office with some documents which appeared to be a Summons and Complaint. After a brief discussion and without examining the documents, Mr. Rupe advised Mason to consult other counsel for the purpose of obtaining legal advice in connection with the new Summons and Complaint [of 24 January 1989].

> 6. In a letter to Mason dated February 17, 1989, Mr. Rupe documented these conversations and again told Mason that he would not continue to serve as Mason's lawyer. The letter also stated that, as a courtesy to Mason, Mr. Rupe had contacted Mr. Don Gillespie, another Charlotte lawyer, on Mason's behalf. Mr. Rupe also suggested that Mason call the Mecklenburg County Bar Lawyer's [sic] Referral Service.

> * * * *

> 8. Mason continued to insist that Mr. Rupe represent him. He returned a copy of Mr. Rupe's February 17, 1989, letter stating "Unacceptable, perhaps you had better get to work.

Ed." On February 20, 1989, Mason wrote a letter to Mr. Rupe in which he stated: "Until such time as I dismiss you, you are still in the Gallbronner case."

9. On March 3, 1989, Mr. Rupe wrote to Ms. Helen Stonestreet, Trial Court Administrator, advising that he no longer represented Mason in the Gallbronner matter and that, because he had not made a general appearance, he did not see a need to obtain leave of Court. Mr. Rupe sent a copy of the letter to Mason.

\* \* \* \*

11. At no time did Mr. Rupe make a general or limited appearance on Mason's behalf.

12. Mason did not reasonably believe that Mr. Rupe continued to represent him after their several discussions regarding the termination of their relationship in the first part of February 1989; nor did he reasonably believe that Mr. Rupe represented him after Mr. Rupe's February 17, 1989, letter to him or Mr. Rupe's March 3, 1989, letter to Ms. Stonestreet.

CONCLUSIONS OF LAW

1. Mason did not give the Superior Court Summons and Complaint the attention which an ordinary and prudent person would give to important business.

2. The default judgment obtained against Mason was not the result of surprise, mistake or other excusable neglect.

The trial court's conclusions of law are supported by its findings of fact, which are supported by competent evidence. We find no abuse of discretion in the court's denial of the defendant's Rule 60(b) motion.

[2] The defendant next contends that the trial court erred in granting the plaintiffs' motion of 26 July 1989, captioned "Motion to Forfeit Security Deposit." We agree.

Rule 7(b) of the North Carolina Rules of Civil Procedure provides in pertinent part as follows:

(b) *Motions and other papers.—*

(1) An application to the court for an order shall be by motion which . . . shall be made in writing, *shall state*

GALLBRONNER v. MASON

[101 N.C. App. 362 (1991)]

*the grounds therefor*, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) The rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules. [Emphasis added.]

While failure to give the number of the rule under which a motion is made is not necessarily fatal, the grounds for the motion and the relief sought must be consistent with the Rules of Civil Procedure. *See Home Health and Hospice Care v. Meyer*, 88 N.C. App. 257, 262, 362 S.E.2d 870, 872-73 (1987). Plaintiffs' motion is in essence an attempt to amend the complaint of 24 January 1989. That complaint, which made no reference to the security deposit, was reduced to judgment on 14 March 1989. A trial court has no authority to allow amendment of a complaint after judgment has been entered in the case. *See Sentry Enterprises, Inc. v. Canal Wood Corp.*, 94 N.C. App. 293, 298, 380 S.E.2d 152, 155 (1989). Our holding is without prejudice to further and proper action by the plaintiffs with regard to the security deposit.

For the reasons stated above, the trial court's Order (filed 10 August 1989), which denied the defendant's Rule 60(b) motion, is affirmed. The Order (filed 3 August 1989), which granted the plaintiffs' "Motion for Sanctions," is vacated.

Affirmed in part and vacated in part.

Judges WELLS and LEWIS concur.