BROWN v. CAVIT SCI., INC.

[230 N.C. App. 460 (2013)]

CHRISTOPHER BROWN, D.D.S., Plaintiff
v.
CAVIT SCIENCES, INC., ROBERT HENNEN, RAYMOND BAZLEY, MCCOY
ENTERPRISES, LLC, JOSEPH CONNELL, and RANDALL MCCOY, Defendants

No. COA13-165

Filed 19 November 2013

1. **Appeal and Error—interlocutory orders and appeals—default judgment for monetary sum—substantial right affected**

    Defendant's appeal from the trial court's interlocutory order denying his motion to set aside a default judgment against him for a monetary sum affected a substantial right and the Court of Appeals addressed the merits of the appeal.

2. **Contracts—breach of contract—unfair and deceptive trade practices—default judgment—no excessive relief granted—sufficient allegations**

    The trial court did not err in a breach of contract and unfair and deceptive trade practices case by denying defendant Connell's motion to set aside a default judgment against him made pursuant to North Carolina Rule of Civil Procedure 60(b). The relief granted did not exceed the relief sought by plaintiff based upon the allegations set forth in the complaint and the allegations in the complaint were sufficient to state claims for relief against Connell with respect to each of the nine asserted claims.

Appeal by Defendant Joseph Connell from order entered 12 October 2012 by Judge Yvonne Mims Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 August 2013.

*Hamilton Stephens Steele & Martin, PLLC, by Adam L. Horner, for Defendant Joseph Connell.*

*Moore & Van Allen PLLC, by Mark A. Nebrig and Matthew D. Lincoln, for Plaintiff.*

DILLON, Judge.

Defendant Joseph Connell (Connell) appeals from the trial court's order denying his Rule 60(b) motion for relief from judgment. For the following reasons, we affirm.

**BROWN v. CAVIT SCI., INC.**

[230 N.C. App. 460 (2013)]

## I. Factual & Procedural Background

On 16 June 2011, Christopher Brown (Plaintiff) filed a complaint in Mecklenburg County Superior Court alleging claims for relief against Defendants Cavit Sciences, Inc., Robert Hennen, Raymond Bazley, McCoy Enterprises, LLC, Randall McCoy, and Connell (collectively, Defendants). The complaint alleges, *inter alia*, that Defendants solicited from Plaintiff a short-term $100,000.00 loan; that during negotiations for the loan, Defendants represented to Plaintiff that they were "engaged in discussions to enter into a business combination" of Cavit Sciences and McCoy Enterprises; that Cavit Sciences agreed to fund for McCoy Enterprises an escrow account, which McCoy Enterprises needed to secure a $16,000,000.00 loan for the benefit of the combined companies; that Defendants contacted Plaintiff to solicit a loan to be used to fund the escrow account; that the loan funds would remain in the escrow account, would not be withdrawn, and would be returned to Plaintiff with interest within 15 days; that the terms of the loan were reduced to writing in a "Short Term Note Agreement" executed by Cavit Sciences, as the borrower, in favor of Plaintiff and dated 31 August 2009; that Defendants individually guaranteed repayment of the principal amount of the loan plus interest; that, at the time the loan was made, Defendants knew that Cavit Sciences and McCoy Enterprises were not merger partners and that the $16,000,000.00 financing was neither imminent nor likely to be secured in the short term; that, over the next nine months, Defendants corresponded with Plaintiff numerous times via email to reassure Plaintiff that the $16,000,000.00 financing was imminent and that his loan would be repaid with interest; and that, notwithstanding these assurances, Defendants reneged on their obligations to repay the loan.

Supported by the foregoing allegations, Plaintiff's complaint alleges nine claims for relief, including breach of contract, breach of guaranty, fraudulent concealment, and unfair and deceptive trade practices (UDTP). The complaint seeks damages for the loan principal plus interest, in addition to trebled damages and attorneys' fees in connection with the UDTP claim.

All Defendants were served with Plaintiff's complaint. However, several of the Defendants, including Connell, failed to file responsive pleadings, prompting Plaintiff to move for an entry of default as to those Defendants. The Mecklenburg County Clerk of Superior Court entered default against the defaulting Defendants, including Connell, on 31 August 2011. On 4 January 2012, the trial court entered default judgment against the defaulting Defendants, jointly and severally, in the

amount of $1,906,000.00 plus post-judgment interest. The amount of the judgment was based upon (1) Plaintiff's allegations that, as a result of Defendants' actions, he had incurred damages "of at least $110,000 plus interest compounded every fifteen days from September 15, 2009 to present"; (2) trebling of Plaintiff's damages pursuant to N.C. Gen. Stat. § 75-16, in connection with his UDTP claim; and (3) attorneys' fees awarded pursuant to N.C. Gen. Stat. § 75-16.1, also in connection with his UDTP claim. Connell was served with the default judgment on 10 January 2012.

Connell did not appeal from the default judgment entered against him. However, on or about 4 April 2012, Connell wrote a letter to the trial court stating, in pertinent part, that there were "various substantial and compelling reasons why [he] should not be a party (defendant) to this case"; that he "apologize[d] for not responding earlier but [had] a valid excuse in that [he] truly believed this case did not involve [him] in any manner whatsoever"; that he was not affiliated with the other named Defendants; that he had not solicited or received any funds from Plaintiff; and that he had "no assets . . . to attack[.]"[1]

Notwithstanding Connell's representations to the court, Plaintiff avers that during the course of his attempt to execute judgment against Connell, he discovered that Connell had acquired 10,000,000 shares of Regenicin, Inc., stock. Upon Plaintiff's motion, the trial court entered an order on 24 July 2012 stating that Connell was "forbidden" from transferring or disposing of any property, including the purported Regenicin, Inc., stock.

On 9 August 2012, approximately one month after Plaintiff's unsuccessful attempt to execute on the judgment and approximately nine months after Connell had been served with the judgment, Connell filed a motion for relief from judgment pursuant to Rule 55(d) and Rule 60(b) of the North Carolina Rules of Civil Procedure. In his motion, Connell contended that he was entitled to relief because the judgment "exceed[ed] the relief requested in [Plaintiff's] Complaint"; "the vast majority of [Plaintiff's] allegations [were] against other defendants, thereby depriving [Connell] of reasonable notice of his potential liability to Plaintiff"; "[t]he Court's award of $1,906,000 [was] unreasonably large given that

---

1. Connell also filed with the trial court a Motion to Claim Exempt Property (Statutory Exemptions), in which he exempted certain items of personal property valued at less than the exemption threshold amount – such that none of the items was subject to execution – and represented that he owned no property that he was not claiming exempt.

Plaintiff's claim [was] predicated upon Defendants' purported breach of a $100,000 loan agreement"; and "[s]etting aside the judgment serve[d] the interest of justice."

Connell's motion for relief from judgment came on for hearing in Mecklenburg County Superior Court on 18 September 2012. On 12 October 2012, the trial court entered an order denying Connell's motion for relief from judgment. From this order, Connell appeals.

## II. Jurisdiction

**[1]** Preliminarily, we recognize that this appeal is interlocutory in nature, as Plaintiff's claims against the non-defaulting Defendants remain pending before the trial court. *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Generally, an interlocutory order is not immediately appealable. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2011). An exception lies, however, where the order appealed from "affects a substantial right." N.C. Gen. Stat. § 1-277(a) (2011); N.C. Gen. Stat. § 7A-27(d)(1).

Connell contends that the trial court's order denying his motion for relief from judgment affects a substantial right. Although neither party has cited any North Carolina case law that squarely addresses whether a substantial right is affected in the specific context presented,[2] we find it dispositive that this Court has previously held that entry of summary judgment for a monetary sum against one of multiple defendants affects a substantial right, rendering the defendant's interlocutory appeal from the summary judgment order immediately appealable under N.C. Gen. Stat. §§ 1-277 and 7A-27. *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 172, 265 S.E.2d 240, 247 (1980). We conclude, therefore, that the trial court's order denying Connell's motion to set aside the default judgment entered against him for a monetary sum affects a substantial right, and we proceed to address the merits of the present appeal.

## III. Analysis

**[2]** A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court, and will be disturbed on appeal only upon a showing of an abuse of that discretion. *Gallbronner v. Mason*, 101 N.C. App. 362, 364, 399 S.E.2d 139, 140 (1991). The trial court's findings of fact are conclusive on appeal if there is any competent evidence in the record to support them. *Id.*

---

2. We note that our Supreme Court has held that a judgment *granting* a defendant's motion to set aside judgment does not affect a substantial right and is not immediately appealable. *Bailey v. Gooding*, 301 N.C. 205, 210-11, 270 S.E.2d 431, 434-35 (1980).

Connell advances several arguments in support of his position that the trial court abused its discretion in denying his motion for relief. We note that Connell has not specified, either in his brief on appeal or at the hearing below, which particular subsection of Rule 60(b) he relies upon in seeking relief. Nevertheless, we glean from the substance of Connell's arguments that he seeks to set aside the default judgment pursuant to Rule 60(b)(6), which "permits the trial court to set aside a judgment or order 'for any reason justifying relief from the operation of the judgment[,]' " *Royal v. Hartle*, 145 N.C. App. 181, 184, 551 S.E.2d 168, 171 (2001) (citation omitted), so long as the motion to set aside the judgment is "made within a reasonable time" after the judgment was entered, N.C. Gen. Stat. §1A-1, Rule 60(b)(6) (2011). We tailor our review accordingly.

### A. Whether the Default Judgment was "Irregular"

Connell first contends that the trial court erred in entering a default judgment against him in the amount of $1,906,000.00, "because such relief [was] in excess of the relief requested in the complaint and attached promissory note" and was, therefore, "irregular, irrational and should have been set aside." We disagree.

At the outset, we clarify that the scope of our review precludes us from addressing any alleged errors of law relating to the merits of the judgment itself. *Baxley v. Jackson*, 179 N.C. App. 635, 638, 634 S.E.2d 905, 907 (2006) ("[I]t is well settled that Rule 60(b)(6) does not include relief from errors of law or erroneous judgments."). It is well-established that a judgment need not be free from error in order to be valid, *King v. Grindstaff*, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973), and, in short, Rule 60(b)(6) may not be invoked as a substitute for appellate review of the merits of a contested judgment. *Garrison ex rel. Chavis v. Barnes*, 117 N.C. App. 206, 210, 450 S.E.2d 554, 557 (1994). We are thus unable to consider the portion of Connell's argument challenging the trial court's interpretation of the terms of the note, as this pertains to questions of law, *Lee v. Scarborough*, 164 N.C. App. 357, 360, 595 S.E.2d 729, 732 (2004) (providing that "[t]he issue of contract interpretation is a question of law"), which, as previously stated, are not now properly before us. *Baxley*, 179 N.C. App. at 638, 634 S.E.2d at 907. We do, however, consider Connell's contention to the extent that it challenges the judgment as "irregular" in the sense that the *amount* of the judgment exceeded the relief sought based on the allegations set forth in Plaintiff's complaint.

A party seeking to set aside an irregular judgment may properly do so by filing a motion for relief from judgment pursuant to Rule 60(b)(6). *City of Salisbury v. Kirk Realty Co., Inc.*, 48 N.C. App. 427, 429, 268

S.E.2d 873, 875 (1980); *see also Collins v. N.C. State Highway & Pub. Works Comm'n*, 237 N.C. 277, 284, 74 S.E.2d 709, 715 (1953) (explaining that "[a]n irregular judgment is not void . . . [but] stands as the judgment of the court unless and until it is set aside by a proper proceeding"). A motion to set aside an irregular judgment should be granted where the moving party demonstrates that "the judgment affects his rights injuriously and that he has a meritorious defense." *Id.* Notably, this Court has specifically held that "[a] default judgment which grants [the] plaintiff[] relief in excess of that to which [the plaintiff is] entitled upon the facts alleged in the verified complaint is irregular." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975); *see also Pruitt v. Taylor*, 247 N.C. 380, 381, 100 S.E.2d 841, 842 (1957).

Connell cites this Court's decision in *Sharyn's Jewelers, LLC v. Ipayment, Inc.*, 196 N.C. App. 281, 674 S.E.2d 732 (2009), in support of his contention that the judgment entered against him in this case was irregular and, as such, should be set aside. In *Sharyn's*, the plaintiff asserted nine claims for relief against three defendants – Ipayment, Inc., Vericomm, and JP Morgan Chase Bank. *Id.* at 283, 674 S.E.2d at 734. Only JP Morgan filed a responsive pleading; and default judgments were ultimately entered against both Vericomm and Ipayment, Inc., who were held "jointly and severally liable for compensatory damages, attorneys' fees, and punitive damages." *Id.* Approximately seventeen months later, Vericomm filed a motion for relief from judgment, contending, *inter alia*, that it was entitled to relief under Rule 60(b)(6). *Id.* The trial court denied the motion. *Id.* On appeal, this Court examined the plaintiff's complaint and determined that seven of the plaintiff's nine claims for relief either "made no factual allegations against Vericomm" or made "no specific allegations against Vericomm" and that the plaintiff's claims for punitive damages, attorneys' fees, and injunctive relief arose from claims that had not been asserted against Vericomm. *Id.* at 285-88, 674 S.E.2d at 735-37. Accordingly, we held that the trial court had awarded "excessive relief which constituted extraordinary circumstances justifying relief from the default judgment" and that the seventeen-month delay in moving for relief was not unreasonable under these "extraordinary" circumstances. *Id.* at 284, 674 S.E.2d at 734.

Even if we were to assume *arguendo* that Connell filed his motion for relief within a reasonable time under the circumstances, we believe that this case is readily distinguishable from *Sharyn's*. Unlike the complaint in *Sharyn's*, which specifically asserted several claims against only two of the three named defendants, the complaint in the case *sub judice* sets forth allegations supporting *each claim* against *each individual*

*Defendant*, including Connell. With respect to Plaintiff's breach of guaranty claim, the complaint alleges that "Defendants Cavit, Bazley, Hennen, McCoy, and *Connell* each guaranteed repayment of [Plaintiff's] money with interest." (Emphasis added.) As to Plaintiff's claims for fraud, fraudulent concealment, negligent misrepresentation, civil conspiracy, and UDTP, the allegations encompass the actions of and are directed indiscriminately toward *all* Defendants. For instance, the complaint alleges that Plaintiff incurred damages as a result of "Defendants' fraud"; that "Defendants" had superior knowledge of and concealed material facts; that "Defendants" owed a "duty of care to render accurate information" to Plaintiff and "Defendants negligently provided incorrect, misleading, and false information regarding the purpose and use of [Plaintiff's] funds"; that "Defendants acted together, in concert" to defraud Plaintiff; and that "Defendants' actions . . . constitute[d] unfair and deceptive acts or practices in the procurement of a loan for business purposes." Any contention that the trial court's judgment exceeded the relief sought in Plaintiff's complaint based upon this Court's reasoning in *Sharyn's* — i.e., that fewer than all of the claims were directed towards Connell — is meritless.

Connell's contentions that "Plaintiff's claim [for] treble damages [was] not supported by findings in the judgment or by applicable law" and that "[t]he award of attorneys' fees [was] not supported by findings in the judgment or the filed affidavit" are likewise without merit. Again, to the extent that these arguments raise questions of law relating to the underlying judgment, such challenges are beyond the scope of our review, and we do not consider them. *Baxley*, 179 N.C. App. at 638, 634 S.E.2d at 907. Moreover, both the award of treble damages and the award of attorneys' fees arise from Plaintiff's UDTP claim, which, as discussed *supra*, was asserted against all Defendants, including Connell. Accordingly, we reject Connell's contention that the relief granted exceeded the relief sought by Plaintiff based upon the allegations set forth in the complaint.

### B. Legal Sufficiency of the Complaint

Connell further contends that the default judgment cannot be upheld against him because the allegations in Plaintiff's complaint failed to state claims for relief against him as a matter of law. In other words, while the substance of Connell's contentions disposed of in Part III(A), *supra*, asserted that the allegations underlying Plaintiff's claims were not directed towards *him*, Connell also contends that the allegations pertinent to him were legally insufficient to state claims for relief. We disagree.

A default judgment admits only the averments in the com-
plaint, and the defendant may still show that such aver-
ments are insufficient to warrant the plaintiff's recovery.
A complaint which fails to state a cause of action is not
sufficient to support a default judgment for plaintiff.
Accordingly, if the complaint in the present action failed
to state a cause of action as against [the defendant], the
default judgment against her cannot be supported and
must be set aside even without any showing of mistake,
surprise or excusable neglect.

*Lowe's of Raleigh, Inc. v. Worlds*, 4 N.C. App. 293, 295, 166 S.E.2d 517,
518 (1969) (internal citations omitted). In determining whether the alle-
gations are sufficient to state a claim for relief, we must "give to the
allegations a liberal construction, and . . . if [] any portion of the complaint
. . . presents facts sufficient to constitute a cause of action, or if facts
sufficient for that purpose fairly can be gathered from it, the pleading
will stand," regardless of " 'however inartificially [the complaint] may
have been drawn, or however uncertain, defective, and redundant
may be its statements, for, contrary to the common-law rule, every reason-
able intendment and presumption must be made in favor of the pleader.' "
*Presnell v. Beshears*, 227 N.C. 279, 281-82, 41 S.E.2d 835, 837 (1947)
(citations omitted).

Viewing the allegations liberally and in the light most favorable to
Plaintiff, *see id.*, we summarily reject this contention. Plaintiff's com-
plaint sets forth ample allegations supporting each of the claims for
relief against Connell. For example, paragraphs 41 through 44 of the
complaint allege the following:

41. It was known to all Defendants that Connell and
McCoy were expecting personal benefits from the use of
[Plaintiff's] funds and the purported merger between Cavit
and McCoy.

42. Defendants' use of [Plaintiff's] money for their own
benefit or to advance their own business prospects
occurred at the same time some or all Defendants were
providing false information with regard to the use and
whereabouts of [Plaintiff's] money.

43. Defendants Cavit, Bazley, Hennen, McCoy, and
Connell each guaranteed repayment of [Plaintiff's] money
with interest.

44. It is apparent from the communications between Defendants and [Plaintiff] that various loan documents, letters of credit, escrow agreements, and merger "agreements" were created by Defendants or with Defendants' knowledge for the purpose of convincing [Plaintiff] that the return of his money with interest was imminent or that there was no risk to [Plaintiff] in receiving payment under the Note.

We conclude based upon our review of the totality of Plaintiff's allegations that the allegations were sufficient to state claims for relief against Connell with respect to each of the nine asserted claims. Connell's contentions to the contrary are without merit and are, accordingly, overruled.

### IV. Conclusion

In light of the foregoing, the trial court's order denying Connell's motion for relief from judgment is hereby

AFFIRMED.

Judges BRYANT and STEPHENS concur.