Islet Scis., Inc. v. Brighthaven Ventures, LLC, 2018 NCBC 13.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

ISLET SCIENCES, INC.,

      Plaintiff,

    v.

BRIGHTHAVEN VENTURES LLC, JAMES GREEN, and WILLIAM WILKISON,

      Defendants

and

BRIGHTHAVEN VENTURES, LLC,

      Third-Party Plaintiff,

    v.

JOHN F. STEEL, IV, EDWARD T. GIBSTEIN, and COVA CAPITAL PARTNERS, LLC,

      Third-Party Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 16388

**ORDER AND OPINION ON
DEFENDANTS' MOTION FOR
JUDGMENT BY DEFAULT**

THIS MATTER comes before the Court on Defendants Brighthaven Ventures, LLC ("BHV"), James Green ("Green"), and William Wilkison's ("Wilkison") (collectively, "Defendants") Motion for Entry of Judgment by Default against Plaintiff Islet Sciences, Inc. ("Plaintiff") ("Motion," ECF No. 135). Defendants move pursuant to North Carolina Rule of Civil Procedure 55(b)(2)(b) (hereinafter "Rules") and correctly note that the Court may decide the Motion without a hearing if Plaintiff fails to file a written response opposing the Motion within thirty (30) days of service. (ECF No. 135 at p. 2 (citing Rule 55(b)(2)).) Defendants served the Motion on

December 18, 2017, and Plaintiff has not filed a response in opposition. Accordingly, the Court decides the Motion without a hearing.

THE COURT, having considered the Motion, the brief and affidavits filed in support of the Motion, and other appropriate matters of record, concludes that the Motion should be GRANTED in part and DENIED in part, and that damages should be awarded to Defendants, as set forth below.

## PROCEDURAL BACKGROUND

1. The Court stated in detail the factual allegations and procedural background of this matter in various prior orders and will not repeat them here. Rather, the Court recites only those background facts necessary for determination of the Motion.

2. On January 12, 2017, the Court entered an Opinion and Order on Green and Wilkison's Motion for Judgment on the Pleadings and Motion to Dismiss Amended Complaint. *Islet Scis., Inc. v. Brighthaven Ventures, LLC*, No. 15-CVS-16388, 2017 NCBC LEXIS 3 (N.C. Super. Ct. Jan. 12, 2017) ("Green and Wilkison Order"). In the Green and Wilkison Order, the Court, *inter alia*, granted judgment in favor of Green and Wilkison on their counterclaims for declaratory judgment. The Court held that Plaintiff was obligated to pay Green and Wilkison an advancement of defense costs under the unambiguous terms of their respective Employment Agreements and as required by Nevada statutory law. *Id.* at *16–22.[1]

---

[1] In the Motion, Defendants request that the Court incorporate its ruling in the Green and Wilkison Order into a final judgment in this case. (Defs.' Br. Supp. Mot. Entry Def. Judgment, ECF No. 136 at p. 6.)

3.      On December 5, 2017, the Court issued an Order on Entry of Default ("Entry of Default," ECF No. 134), entering default against Plaintiff on Defendants' counterclaims. (*See* Ans. Countercl. Defs. Green and Wilkison, ECF No. 14 at ¶¶ 26–37; Def. BHV Ans., Countercl. and Third Party Compl., ECF No. 17 at ¶¶ 36–81.[2])

4.      On December 18, 2017, Defendants filed the Motion, seeking a default judgment in their favor on the following counterclaims:

    a.      BHV's First Claim for Relief for "Breach of Contract – Money Owed," or alternatively, its Second Claim for Relief for "Unjust Enrichment," alleging that BHV loaned or advanced Plaintiff $28,388.20 that Plaintiff has failed to repay. BHV seeks damages and statutory interest on those damages from the date of judgment[3];

    b.      BHV's Fourth Claim for Relief for "Breach of Contract – Failure to Pay Costs and Expenses" and Fifth Claim for Relief for "Breach of Contract – Indemnification," alleging that BHV and Plaintiff entered into Merger, Termination, and Exclusive License Agreements (collectively, "the Agreements") under which Plaintiff agreed to pay BHV for the costs and expenses incurred by BHV related to the proposed transactions between the parties and that Plaintiff has failed to pay those costs and expenses. BHV seeks damages and statutory interest on those damages from the date of judgment;

---

[2] All references herein to documents ECF Nos. 14 and 17 are to paragraph numbers used in the Counterclaims contained in those documents.

[3] Defendants have not expressly requested pre-judgment interest on any of their claims.

c.  Green and Wilkison's Count One for "Breach of Contract," alleging that Plaintiff failed to pay them certain unpaid compensation and unreimbursed expenses, including severance salary, unpaid earned salary, unpaid earned bonus, and severance benefits in breach of the terms of Employment Agreements that they executed with BHV, and pursuant to the Termination Agreement. Green and Wilkison seek damages and statutory interest on those damages from the date of judgment; and

d.  Green and Wilkison's Count One for "Breach of Contract" alleging that Plaintiff breached the Employment Agreements by failing to advance and indemnify them for fees and expenses incurred in defending three actions in which they have been named as defendants as a result of their service as Plaintiff's officers and directors: (1) this lawsuit; (2) *Richard Schoninger, Jacqueline Schoninger, Scott Schoninger, Gerald Allen and COVA Capital Partners, LLC v. James Green and William Wilkison*, 15-CV-2233, United States District Court for the Southern District of New York ("Schoninger Action"); and (3) *COVA Capital Partners, LLC v. James Green, William Wilkison, James Snapper, Antonio O'Ferral, Larry Hutchison, and Islet Scis., Inc.*, 15-CV-06834, in the United States District Court for the Southern District of New York ("COVA Action") (collectively, this lawsuit, the Schoninger Action, and the COVA Action

are "the Actions"). Green and Wilkison seek damages and statutory interest on those damages from the date of judgment.

5.     BHV also seeks an award of $1.00 in compensatory damages for its Eighth Claim for Relief for common law fraud. (ECF No. 136 at p. 4, n.1.) BHV is not seeking relief under its Third Claim for Relief for "Breach of Contract – Confidential Information" or its Seventh Claim for Relief for "Breach of Duty to Negotiate in Good Faith and/or the Implied Covenant of Good Faith and Fair Dealing." (*Id*.)

ANALYSIS

6.     The Court has entered default against Plaintiff on BHV's, Green's, and Wilkison's counterclaims.

> When default is entered . . . the substantive allegations contained in plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment, are deemed admitted. Upon entry of default, the defendant will have no further standing to defend on the merits or contest the plaintiff's right to recover.

*Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 751, 670 S.E.2d 604, 609 (2009) (internal citations omitted). Nevertheless, the allegations in the complaint must support a plaintiff's claims in order for the court to enter a judgment by default in the plaintiff's favor. *Brown v. Cavit Scis.*, Inc., 230 N.C. App. 460, 467, 749 S.E.2d 904, 909 (2013) ("A complaint which fails to state a cause of action is not sufficient to support a default judgment for plaintiff."). Moreover,

> In determining whether the allegations are sufficient to state a claim for relief, we must "give to the allegations a liberal construction, and . . . if [] any portion of the complaint . . . presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose fairly can be

gathered from it, the pleading will stand," regardless of "however inartificially [the complaint] may have been drawn, or however uncertain, defective, and redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader."

*Id*. (quoting *Presnell v. Beshears*, 227 N.C. 279, 281–82, 41 S.E.2d 835, 837 (1947)).

## A. BHV's counterclaims

7. In its First and Second counterclaims for money owed, BHV seeks to recover sums it alleges it loaned to Plaintiff under a theory of breach of an implied in fact contract or, alternatively, on grounds of unjust enrichment. (ECF No. 17 at ¶¶ 34–38.) The Supreme Court of North Carolina has held that:

A contract implied in fact . . . arises where the intention of the parties is not expressed, but an agreement in fact, creating an obligation is implied or presumed from their acts, or, as it has been otherwise stated, where there are circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract. An implied contract is valid and enforceable as if it were express or written. Apart from the mode of proving the fact of mutual assent, there is no difference at all in legal effect between express and contracts implied in fact. Whether mutual assent is established and whether a contract was intended between parties are questions for the trier of fact. The essence of any contract is the mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds. This mutual assent and the effectuation of the parties' intent is normally accomplished through the mechanism of offer and acceptance. In the formation of a contract an offer and acceptance are essential elements. With regard to a contract implied in fact, one looks not to some express agreement, but to the actions of the parties showing an implied offer and acceptance.

*Snyder v. Freeman,* 300 N.C. 204, 217–218, 266 S.E.2d 593, 602 (1980) (internal citations and quotations omitted.)

8.      In its counterclaims, BHV alleges that on various dates in 2015 it loaned or advanced to Plaintiff the aggregate sum of $28,388.20 (ECF No.17 at ¶¶ 22–24, 33), and that Plaintiff has breached contracts with BHV by failing to repay the loans. BHV does not allege whether Plaintiff requested the loans or advances, the business purpose for the loans and advances, or why the loans and advances were made without entering into written loan agreements. BHV does allege, however, that the loans and advances were made in the midst of a three-year course of serpentine negotiations for a potential merger aimed at jointly developing remogliflozin etabonate ("Remo," a drug for treating diabetes), during which the parties entered into several written agreements and BHV's principals served as officers and directors of Plaintiff. (*Id., passim.*) This background provides some context for the loans and advances that support the proposition that Plaintiff and BHV mutually agreed that Plaintiff was required to repay the sums Plaintiff received from BHV. Although BHV's allegations in support of the existence of an implied contract are threadbare, when construed in BHV's favor as required when determining the propriety of default judgment, they are sufficient to support the claim for breach of contract and are deemed admitted. *Presnell*, 227 N.C. at 281–82, 41 S.E.2d at 837. Accordingly, the

Motion should be GRANTED and judgment by default should be entered against Plaintiff on BHV's First counterclaim.[4]

9.  With regard to its Fourth and Fifth counterclaims for breach of contract, BHV alleges that it entered into the Agreements and that Plaintiff breached the Agreements by failing to pay certain costs and expenses BHV incurred related to the transactions between the parties. (ECF No. 17 at ¶¶ 51–64.) "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of [the] contract." *McLamb v. T.P. Inc.*, 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005).

10.  In support of the Fourth and Fifth counterclaims, BHV alleges as follows:

a.  "On September 30, 2014, [Plaintiff] and BHV (and other parties) entered into an 'Agreement and Plan of Merger' (the 'Merger Agreement'). In section 6.7(a) of the Merger Agreement, the parties agreed that, 'Whether or not the Acquisitions are consummated, all costs and expenses incurred by any party hereto in connection with this Agreement and the transactions contemplated hereby shall be paid by [Plaintiff] or Holdco or, to the extent previously paid by BHV or any BHV Member, reimbursed to BHV or such BHV Member.'" (ECF No. 17 at ¶ 12.)

b.  "On March 3, 2015 [Plaintiff] and BHV entered into an agreement terminating the Merger Agreement (the 'Termination Agreement'). Section 1(b) of the Termination Agreement expressly provided that Section 6.7 of the Merger Agreement survived termination." (*Id.* at ¶ 16.)

c.  "Under Section 1(c) of the Termination Agreement, [Plaintiff] agreed that 'all costs and expenses incurred by any party hereto in connection with this Agreement, the Merger Agreement and the

---

[4] Since the Court has granted default judgment on BHV's counterclaim for breach of an implied in fact contract, it does not need to consider BHV's alternative counterclaim for unjust enrichment.

transactions contemplated hereby or thereby and the entry into and negotiation of the License Agreement (including any agreements entered into in connection with the License Agreement) shall be paid by [Plaintiff] or, to the extent previously paid by BHV or any BHV Member, reimbursed to BHV or such BHV Member.'" (*Id*. at ¶ 17.)

d. "Under Section 3(a) of the Termination Agreement, Plaintiff also agreed to indemnify BHV from losses arising out of or relating to the negotiation of and entry into the Termination Agreement, the subsequent license agreement, the Merger Agreement, and the transactions contemplated by those agreements." (*Id*. at ¶ 19.)

e. "Also on March 3, 2015, [Plaintiff] and BHV entered into the Exclusive License Agreement, pursuant to which, on the effective date, BHV agreed to license to [Plaintiff] certain rights it held to Remo." (*Id*. at ¶ 20.)

11. BHV further alleges that it fulfilled its obligations under the terms of the Agreements, that it incurred "substantial costs and expenses" as a result "of the transactions contemplated by [the Agreements]," and that Plaintiff "has breached its obligations to pay the costs and expenses" as provided in the Agreements. (*Id*. at ¶¶ 55–57, 62.)

12. BHV has alleged the existence and breach of the contracts it had with Plaintiff calling for the payments of certain expenses incurred by BHV, all of which are deemed admitted. The Court concludes that the Motion should be GRANTED and judgment by default should be entered against Plaintiff on BHV's Fourth and Fifth counterclaims.

13. Finally, BHV moves the Court to enter judgement by default against Plaintiff on its claim for common law fraud, and seeks one dollar ($1.00) in compensatory damages for fraud. (*Id*. at ¶¶ 76–80.) The Court has thoroughly reviewed the allegations in BHV's counterclaims and finds that the allegations fail to

support a claim for common law fraud. Accordingly, the Motion should be DENIED with regard to BHV's Eighth counterclaim for common law fraud.

### B.    BHV's damages

14.    BHV has presented unchallenged evidence that it has been damaged in the amount of $28,388.20 by Plaintiff's failure to repay the loans and advances, and in the amount of $414,669.43 for costs and expenses resulting from Plaintiff's breach of the Agreements. (J. Green Aff., ECF No. 135.1 at ¶¶ 4–5.) Therefore, the Court finds and concludes that BHV should recover from Plaintiff the amount of $443,342.63.

### C.    Green's and Wilkison's counterclaims

15.    Green and Wilkison seek damages for breach of contract from Plaintiff for unpaid compensation and unreimbursed expenses, including severance salary, unpaid earned salary, unpaid earned bonus, and severance benefits. Green and Wilkison also seek payment by Plaintiff of legal fees and expenses that they incurred, and will incur, in defending the Actions.

16.    In their counterclaims, Green and Wilkison allege that they executed Employment Agreements with Plaintiff. (ECF No. 14 at ¶ 4, Exs. C and D.) The Employment Agreements obligated Plaintiff to compensate Green and Wilkison in the form of salaries and bonuses, vacation pay, reimbursement for necessary business expenses, and, under proper circumstances, severance pay and benefits. (*Id.* at ¶¶ 5, 6–10, 13.) Green and Wilkison complied with all duties and obligations imposed on them by the Employment Agreements, and their respective employments with

Plaintiff were terminated under circumstances requiring severance pay and benefits. (*Id.* at ¶¶ 11, 28.) Plaintiff failed to pay Green and Wilkison certain salary, bonuses, reimbursements for expenses, and severance pay and benefits in breach of the Employment Agreements. (*Id.* at ¶¶ 6, 8, 12, 14, and 29.)

17.     Green and Wilkison further allege that the Employment Agreements obligated Plaintiff to indemnify them for legal fees and expenses incurred if Green and Wilkison are sued as a result of their actions as officers and directors of Plaintiff, including advancement of such fees and expenses. (*Id.* at ¶ 17.) Green and Wilkison have incurred legal fees and expenses in defending the Actions, and to date, Plaintiff has not advanced or reimbursed them for the full amount of those fees and expenses. (*Id.* at ¶¶ 22, 29.)

18.     Green and Wilkison have alleged the existence and breach of contracts they had with Plaintiff calling for the payments of certain compensation in the form of salaries and bonuses, vacation pay, reimbursement for necessary business expenses, severance pay and benefits, and indemnification for legal fees and expenses, including advancement, all of which is deemed admitted. The Motion should be GRANTED and judgment by default should be entered against Plaintiff on Count One of Green's and Wilkison's counterclaim for breach of the Employment Agreements.[5]

### D.     Green's and Wilkison's damages

---

[5] Since the Court has granted default judgment on Green and Wilkison's claims for breach of the Employment Agreements, which would entitle them to all of the damages they seek under the breach of contract claim, the Court need not consider the claim for breach of the Termination Agreement.

19. Green has presented unchallenged evidence that he is owed $500,147.67 in unpaid compensation in the form of salaries and bonuses, vacation pay, reimbursement for necessary business expenses, and, severance pay and benefits. (ECF No. 135.1 at ¶ 6.) The Court finds and concludes that Green should recover from Plaintiff the amount of $500,147.67 for this unpaid compensation and reimbursable expenses.

20. Green also presented evidence that as of December 14, 2017, he had incurred legal fees and expenses of $446,018.04 in defense of the Actions, of which Plaintiff's insurance carrier has reimbursed him $191,894.51. The Actions are ongoing, and Green expects to incur additional legal fees and expenses.

21. The Court finds and concludes that Green should recover from Plaintiff the amount of $254,123.53 for unpaid legal fees and expenses. The Court notes that Plaintiff's obligation to indemnify and provide advancement to Green for legal fees and expenses is ongoing, and this award does not prejudice Green's right to seek additional, future payments from Plaintiff for such fees and expenses.

22. Wilkison has presented unchallenged evidence that he is owed $504,483.98 in unpaid compensation including severance salary, unpaid earned salary, unpaid earned bonuses, and severance benefits. (W. Wilkison Aff., ECF No. 135.2 at ¶ 2.) The Court finds and concludes that Wilkison should recover from Plaintiff the amount of $504,483.98 for this unpaid compensation.

23. Wilkison also presented evidence that as of December 11, 2017, he had incurred legal fees and expenses of $446,018.04 in defense of the Actions, of which

Plaintiff's insurance carrier has reimbursed him $191,894.51. The Actions are ongoing, and Wilkison expects to incur additional legal fees and expenses.

24. The Court finds and concludes that Wilkison should recover from Plaintiff the amount of $254,123.53 for unpaid legal fees and expenses. The Court notes that Plaintiff's obligation to indemnify and provide advancement to Wilkison for legal fees and expenses is ongoing, and this award does not prejudice Wilkison's right to seek additional, future payments from Plaintiff for such fees and expenses.

THEREFORE, for the reasons set forth herein, it is hereby ORDERED, ADJUDGED and DECREED that:

25. Defendants' Motion for default judgment against Plaintiff is GRANTED in part and DENIED in part as set forth herein.

26. BHV shall have and recover from Plaintiff the amount of $443,342.63, together with interest at the legal rate of 8% per annum from and after February 9, 2018 until the date the judgment amount is paid.

27. Green shall have and recover from Plaintiff the amount of $754,271.20, together with interest at the legal rate of 8% per annum from February 9, 2018 until the date the judgment amount is paid.

28. Wilkison shall have and recover from Plaintiff the amount of $758,607.51, together with interest at the legal rate of 8% per annum from February 9, 2018 until the date the judgment amount is paid.

SO ORDERED, this the 9th day of February, 2018.


                                    /s/ Gregory P. McGuire
                                    Gregory P. McGuire
                                    Special Superior Court Judge for
                                    Complex Business Cases