Beem USA Limited-Liability Ltd. P'ship v. Grax Consulting, LLC, 2020 NCBC 24.

STATE OF NORTH CAROLINA

ORANGE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 1775

BEEM USA LIMITED-LIABILITY
LIMITED PARTNERSHIP and
STEPHEN STARK,

          Plaintiffs,

v.

GRAX CONSULTING, LLC,

          Defendant.

**DEFAULT JUDGMENT AND
PERMANENT INJUNCTION**

1.     **THIS MATTER** is before the Court on Plaintiffs Beem USA Limited-Liability Partnership ("Beem") and Stephen Stark's ("Stark") (together, "Plaintiffs") Motion for Default Judgment and Request for Expedited Hearing (the "Motion") filed on May 10, 2018. (ECF No. 26.) The Motion seeks default judgment against Defendant Grax Consulting, LLC ("Defendant") and for permanent injunctive relief.

2.     For the reasons stated herein, the Court **GRANTS** the Motion and hereby **ENTERS** final judgment against Defendant based on the matters of record and the findings and conclusions contained herein.

> *Williams Mullen, by Camden R. Webb and Lauren E. Fussell, for Plaintiffs Beem USA Limited-Liability Limited Partnership and Stephen Stark.*

> *Defendant Grax Consulting, LLC did not appear.*

Robinson, Judge.

## I.  PROCEDURAL BACKGROUND

3.     Plaintiffs initiated this action on December 28, 2017 by filing their Complaint.  (ECF No. 5.)

4.     This action was designated as a mandatory complex business case by order of then-Chief Justice of the Supreme Court of North Carolina Mark Martin, dated December 28, 2017, (ECF No. 3), and assigned to the undersigned by order of then-Chief Business Court Judge James L. Gale dated December 29, 2017, (ECF No. 2).

5.     On April 23, 2018, the Court entered default in favor of Plaintiffs against Defendant due to Defendant's failure to timely plead or otherwise respond to Plaintiffs' Complaint.  (ECF No. 25.)  As a result, the substantive allegations of Plaintiffs' Complaint are deemed admitted.  *Blankenship v. Town & Country Ford, Inc.*, 174 N.C. App. 764, 767, 622 S.E.2d 638, 640 (2005).

6.     On May 10, 2018, Plaintiffs filed the Motion and a brief in support.  (ECF Nos. 26 & 27.)   Defendant did not file a response opposing the Motion. Notwithstanding the fact that the Motion was unopposed, the Court held a hearing on the Motion for Default Judgment at which the Court directed Plaintiffs to provide proper evidence demonstrating the Court's personal jurisdiction over Defendant.  (*See* ECF No. 32.)

7.     On August 13, 2018, following further submissions from Plaintiffs regarding the Court's jurisdiction over Defendant, the Court entered an Order on Motion for Default Judgment (the "Order") based on the Court's conclusion that

Plaintiffs had not satisfied their burden under N.C.G.S. § 1-75.11 to prove that the Court had personal jurisdiction over Defendant.  (ECF No. 35.)

8.     On August 22, 2018, Plaintiffs sought reconsideration of the Court's denial of the Motion based on jurisdictional defects.  (ECF Nos. 36–37.)  Plaintiffs submitted additional evidence, in the form of affidavits, supporting their contention that the Court did have jurisdiction over Defendant sufficient to enter judgment, including injunctive relief, against it.  The Court, on September 4, 2018, denied in relevant part Plaintiffs' request for reconsideration.  (*See* ECF No. 40.)

9.     Plaintiffs appealed from the Court's August 13, 2018 and September 4, 2018 orders regarding its determination that it did not have personal jurisdiction over Defendant sufficient to enter judgment against it.  (ECF No. 41.)

10.     On February 28, 2020, the North Carolina Supreme Court issued its opinion concluding that this Court had erred and that the Court did, in fact, have personal jurisdiction over Defendant sufficient to proceed on the Motion and, if appropriate, enter judgment against Defendant.  *See Beem USA Limited-Liability Ltd. P'ship v. Grax Consulting LLC*, 2020 N.C. LEXIS 89, at *16–17 (N.C. Feb. 28, 2020).  As a result, the Supreme Court reversed this Court's prior orders to the contrary and remanded the action for further proceedings.  *Id.* at *20.

11.     Pursuant to Rule 32(b) of the North Carolina Rules of Appellate Procedure, the judgment from the North Carolina Supreme Court to this Court issued on March 19, 2020.  Therefore, this Court has jurisdiction to conduct further proceedings in this action.

12.    The Court, in its discretion, elects to rule on the Motion without a further hearing, consistent with Rule 7.4 of the North Carolina Business Court Rules.

## II. FINDINGS OF FACT

13.    Beem is a Nevada limited-liability limited partnership with its principal place of business in Nevada.  (Compl. ¶ 1.)

14.    Stark is a limited partner and the general partner of Beem.  (Compl. ¶¶ 3, 12.)  Stark is a resident of North Carolina.  (Compl. ¶ 3.)

15.    Defendant is a South Carolina limited liability company with its principal place of business in South Carolina.  (Compl. ¶ 4.)  Defendant is a limited partner of Beem.  (Compl. ¶ 10.)

16.    On January 1, 2016, Stark and Defendant executed a First Amended and Restated Limited-Liability Limited Partnership Agreement (the "Agreement"). (Compl. ¶ 9.)  The Agreement named Defendant as Beem's general partner and a limited partner owning a ten percent (10%) interest in the partnership.  (Compl. ¶ 11.)  The Agreement provided that the general partner's duties are of a fiduciary nature.  (*See* pp. 8, 21 of Ex. 1 to Aff. of Stephen Stark, ECF No. 9 ["Agreement"].) The Agreement named Stark as a limited partner owning a ninety percent (90%) interest in the partnership.  (Compl. ¶ 13.)  The Agreement contains a choice-of-law provision, stating that Nevada law shall govern the Agreement and the rights of the parties thereunder.  (Agreement 24.)

17.    On or about December 5, 2016, Stark removed Defendant as the general partner pursuant to the terms of the Agreement and, as a result, Stark became

Beem's general partner and Defendant remained a limited partner. (Compl. ¶¶ 18–19, 21.) On December 6, 2016, Defendant was made aware of its removal as the general partner. (Compl. ¶ 20.)

18. After Defendant's removal, Defendant continued to act on behalf of Beem as its general partner in violation of the Agreement. (Compl. ¶ 23.) Defendant had continued to bill and charge Beem purportedly for services that Defendant provided as general partner after it was removed from this position. (Compl. ¶ 28.)

19. Defendant changed the online access information for Beem's Bank of America banking account, thereby preventing Stark, as the successor general partner, from accessing Beem's account information and documents for a period of time. (Compl. ¶ 24.) Defendant acquired a cashier's check in the amount of $3,500 from Beem's Bank of America account without authorization. (Compl. ¶ 25.) Further, despite multiple requests from Stark, Defendant has not provided any account information for a TD Bank account that Defendant opened for Beem when Defendant was the general partner. (Compl. ¶¶ 26–27.)

20. Stark has been unable to locate or access any of Beem's financial records from July 2016 through Defendant's removal as general partner. (Compl. ¶ 29.) Defendant has failed to provide any financial, accounting, banking, or tax information to Beem since Defendant was removed as general partner. (Compl. ¶ 31.)

21. On December 31, 2016, Beem was dissolved pursuant to the terms of the Agreement. (Compl. ¶ 37.) Stark has attempted to wind up Beem's affairs but has been unable to do so because of the actions and failures of Defendant. (Compl. ¶ 38.)

22.     On or about September 12, 2017, Defendant filed with the IRS a 2016 Form 1065 Return on behalf of Beem.  (Compl. ¶ 32.)  The return contained multiple inaccuracies regarding Beem's income and financial status.  (Compl. ¶ 34.)

23.     On or about September 18, 2017, Defendant prepared and sent to Stark a Schedule K-1 on behalf of Beem that contained multiple inaccuracies.  (Compl. ¶¶ 33, 35.)

24.     Stark is unable to file accurate and complete tax documents on behalf of Beem because Defendant has continued to withhold necessary tax, financial, banking, and accounting information of Beem from July 2016 to the date of the filing of the Complaint and because Defendant has filed inaccurate tax documents on behalf of Beem without the authority to do so.  (Compl. ¶¶ 41−42.)  Further, Stark has been unable to file accurate and complete personal tax documents for 2016 due to Defendant's withholding information and filing inaccurate tax documents.  (Compl. ¶ 44.)

25.     The Complaint filed by Plaintiffs in this action seeks permanent injunctive relief, but no monetary relief other than the costs of this action.  (*See* Compl. ¶ 7 ("This civil action involves claims for non-monetary relief. . . ."), and prayer for relief, p. 11.)

## III. CONCLUSIONS OF LAW

26. Based on the foregoing FINDINGS OF FACT, the Court makes the following CONCLUSIONS OF LAW.

27. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Defendant.

28. Defendant has failed to plead or otherwise respond to the Complaint in the time allowed by law.

29. Service of process was effective under Rule 55(a) and Default was duly entered against Defendant by this Court. (*See* Order on Pls.' Second Mot. for Entry of Default ¶¶ 11–17, ECF No. 25.)

30. Pursuant to Rule 55 of the North Carolina Rules of Civil Procedure, "[w]hen default is entered due to a defendant's failure to answer, the substantive allegations contained in plaintiff[s]' complaint are no longer in issue, and for the purposes of. . . default judgment, are deemed admitted." *Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 751, 670 S.E.2d 604, 609 (2009) (citations omitted).

31. Therefore, consistent with Rule 55, "judgment by default may be entered by a court upon an entry of default and finding that the complaint supports the recovery sought by Plaintiffs." *State ex. rel. Cooper v. Orion Processing, LLC*, 2017 NCBC LEXIS 20, at *17 (N.C. Super. Ct. Mar. 7, 2017).

32. Accordingly, "for the Court to enter default judgment, the complaint must state a cause of action." *Pee Dee Elec. Mbrshp. Corp. v. King*, 2018 NCBC LEXIS 22, at *11–12 (N.C. Super. Ct. Mar. 15, 2018) (citing *Brown v. Cavit Scis., Inc.*, 230 N.C.

App. 460, 467, 749 S.E.2d 904, 909 (2013)). "In determining whether the allegations are sufficient to state a claim for relief . . . every reasonable intendment and presumption must be made in favor of the pleader." *Id.* at *12 (quoting *Brown*, 230 N.C. App. at 467, 749 S.E.2d at 909).

33. Plaintiffs assert two causes of action in the Complaint: (1) breach of contract and (2) breach of fiduciary duty. The Court addresses each in turn. Because both claims arise out of and are related to the Agreement, which provides that Nevada law shall govern the Agreement and the rights of the parties thereunder, the Court applies Nevada law to both causes of action. *See Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 92, 414 S.E.2d 30, 33 (1992) ("[A] choice of law provision[ ] names a particular state and provides that the substantive laws of that jurisdiction will be used to determine the validity and construction of the contract, regardless of any conflicts between the laws of the named state and the state in which the case is litigated.").

34. Under Nevada law, the elements of a claim for breach of contract are (1) existence of a valid contract; (2) breach of the terms of that contract by the defendant; and (3) damages as a result of the breach. *Stuhmer v. Talmer W. Bank*, 2017 Nev. Unpub. LEXIS 952, at *1–2 (Nev. Oct. 30, 2017) (unpublished). Plaintiffs have sufficiently alleged both the existence of a contract between the parties and breach of the terms thereof. Defendant is a party to the Agreement. (Compl. ¶ 47.) Defendant has violated the terms of the Agreement by continuing to act as a general partner of Beem after his removal from that position, by participating in the business and

attempting to bind Beem, by preparing and filing tax documents purportedly on behalf of Beem, and by refusing to provide needed financial, tax, accounting, banking, and invoice information for the period of July 2016 through the filing of the Complaint. (Compl. ¶¶ 48–50.) Defendant's actions and inactions have prevented Beem from preparing and filing accurate and complete tax documents and from being able to finalize all filings to wind-up the business of the partnership following dissolution of the partnership on December 31, 2016. (Compl. ¶¶ 51–53.) Accordingly, Plaintiffs have sufficiently stated a claim for breach of contract and have sufficiently demonstrated multiple breaches and damages caused thereby. The Motion as to Plaintiffs' claim for Defendant's breach of contract, therefore, should be GRANTED.

35. As to Plaintiffs' breach of fiduciary duty claim, under Nevada law,

> [a] fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation. Thus, a breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship.

*Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009).

36. As between partners, the fiduciary duty

> is generally one of full and frank disclosure of all relevant information for just, equitable and open dealings at full value and consideration. Each partner has a right to know all that the other knows, and each is required to make full disclosure of all material facts within his knowledge in anything relating to the partnership affairs.

*Clark v. Lubritz*, 944 P.2d 861, 865 (Nev. 1997)

37. "Despite the contractual source of partners' duties *inter se, . . .* it is well established that when a fiduciary duty exists between the parties, and the conduct complained of constitutes a breach of that duty, the claim sounds in tort regardless of the contractual underpinnings." *Id.* at 867 (quotation omitted).

38. Pursuant to the Agreement, Defendant owed fiduciary duties to Beem and Stark while he was general partner. (Agreement 8, 21.) Defendant breached these duties by failing to adequately maintain financial statements of the partnership from July 2016 until Defendant was removed from its position as general partner. (Compl. ¶ 58.) This conduct is sufficient to support Plaintiffs' breach of fiduciary duty claim and damages caused thereby. The Motion as to Plaintiffs' claim for breach of fiduciary duty against Defendant, therefore, should be GRANTED.

39. Plaintiffs have requested injunctive relief to prohibit Defendant from continuing to engage in conduct detrimental to Beem and from continuing to withhold Beem's financial information. (Compl. ¶ 63.) The Court concludes that, consistent with the Agreement, Defendant should be prohibited from acting as general partner of Beem in any manner because Stark, not Defendant, is the general partner of Beem. Further, consistent with the Agreement, Defendant should be prohibited from preparing or filing any tax documents on behalf of Beem with the Internal Revenue Service or any other government agency.

40. The Court further concludes that Defendant should also be required to provide to Beem all records relating to Beem's accounting, bookkeeping, bank accounts and information, invoices, taxes, and any other financial information in the

possession or control of Defendant for the time period of July 2016 to the present. Plaintiffs have sufficiently alleged that absent an order from this Court prohibiting Defendant from continuing to engage in the above conduct and instructing Defendant to provide to Beem all records related to Beem's finances, Beem will suffer irreparable injury. (Compl. ¶ 64.)

## IV. FINAL JUDGMENT AND PERMANENT INJUNCTION

41. Based on the foregoing **FINDINGS OF FACT** and **CONCLUSIONS OF LAW**, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

42. The Motion is **GRANTED** and Judgment is hereby **ENTERED** against Defendant Grax Consulting, LLC and in favor of Plaintiffs Beem USA Limited-Liability Limited Partnership and Stephen Stark as prayed for in the Complaint filed in this matter, (ECF No. 5).

43. Pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, Plaintiffs are granted permanent injunctive relief as follows:

   A. Defendant Grax Consulting, LLC, its agents and employees, and all those acting in concert with it, are hereafter permanently prohibited from acting as the general partner of Beem USA Limited-Liability Limited Partnership in any manner.

   B. Grax Consulting, LLC is prohibited from preparing or filing any tax documents on behalf of Beem USA Limited-Liability Limited Partnership with the Internal Revenue Service or any other government agency.

C. Grax Consulting, LLC shall immediately[1] provide to Beem USA Limited-Liability Limited Partnership all records in its possession, custody, or control, relating to Beem USA Limited-Liability Limited Partnership's accounting, bookkeeping, bank accounts and information, invoices, taxes, and any other financial information regarding Beem USA Limited-Liability Limited Partnership in the possession, custody, or control of Grax Consulting, LLC for the time period of July 2016 to the present.

D. Grax Consulting, LLC shall immediately provide to Beem USA Limited-Liability Limited Partnership information sufficient for Beem USA Limited-Liability Limited Partnership and its agents to identify and access any and all accounts in the name of or for the benefit of Beem USA Limited-Liability Limited Partnership, including but not limited to any user names and passwords that are necessary to gain access to such accounts.

E. The Costs of this action are taxed against Grax Consulting, LLC.

44. This Default Judgment and Permanent Injunction constitutes the final adjudication of all claims involving all parties and the Court's final judgment. The

---

[1] By Orders entered by the Honorable Cheri Beasley, Chief Justice of the North Carolina Supreme Court, on March 13, 2020 and March 19, 2020, and by the Honorable Louis A. Bledsoe, Chief Judge of the North Carolina Business Court, on March 23, 2020, the obligations of parties to act, except in situations not relevant here, are effectively stayed until April 17, 2020. The stay period may be extended by further orders of the Supreme Court and/or the Business Court. Therefore, Defendant's obligation to comply with this provision and paragraph D immediately hereafter of the Court's Judgment is stayed in conformity with the above-noted orders until the stay is lifted.

action is therefore **DISMISSED** and further action shall be limited to enforcing judgments that have been entered.

SO ORDERED, this the 26th day of March, 2020.


/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases